# EXHIBIT J



**KATHY HOCHUL**
Governor

**JAMES V. McDONALD, MD, MPH**
Commissioner

**JOHANNE E. MORNE, MS**
Executive Deputy Commissioner

March 16, 2025

Bryan O'Malley, Executive Director
Alliance To Protect Home Care, Inc.
Consumer Directed Action of New York, Inc.
Consumer Directed Personal Assistance Association of NYS, Inc.
119 Washington Avenue. Suite 3A
Albany, NY 12210

Dear Mr. O'Malley,

As you know, the New York State Department of Health has received complaints that numerous organizations are providing information to Consumer Directed Personal Assistance Program (CDPAP) consumers and personal assistants that may be false, deceptive, or coercive with regard to the State's CDPAP reforms and ongoing transition. Examples of that activity can be seen in our recent letters here.

Two of the organizations cited in complaints received by the Department have reportedly made financial contributions to your organization, The Alliance to Protect Home Care, Inc. ("Alliance"), according to New York State lobbying and disclosure records.

According to your website, your organization claims to be committed to protecting the integrity of home care services. However, we are not aware that you have spoken out publicly to urge current fiscal intermediaries to refrain from spreading false, deceptive or coercive information regarding the State's CDPAP transition. You have also not commented on the fact that two of the Alliance's financial contributors, as well as several entities that may be members of your other organizations (CDPAANYS and CDANY), were cited in complaints regarding such activities.

It is also noted that Consumer Directed Personal Assistance Association of NYS, Inc. claims to support CDPAP consumers, and even solicits membership fees and donations from these Medicaid recipients. Yet, with only a few weeks to go until the transition to Public Partnerships, LLC (PPL) takes place, the CDPAP Q&A page that you created and put on your website continues to say: "You do not need to change your FI today. Your current fiscal intermediary is allowed to continue operating until April 1, 2025. You will receive mailers from the Department of Health, Public Partnerships, LLC (PPL), and/or your managed care plan telling you to switch … It is up to you to decide if you would like to wait." It is difficult to understand how this could possibly be a benefit to consumers, if not a blatant disservice to the many who would have registered already were it not for your advice to the contrary. Indeed, there is nothing linking individuals who visit your website to the many sources of truth and accuracy available on the DOH or PPL websites.

**To that end, I urge your organizations to take the following actions as soon as possible:**

1. Publicly call on all fiscal intermediaries in New York to refrain from spreading false, deceptive, or coercive information regarding the State's CDPAP transition.

2. Publicly commit to working with all stakeholders, including your member organizations and financial contributors, to ensure that New York consumers and personal assistants (PAs) have accurate information regarding the State's CDPAP transition.

If you are not willing to speak out against information that causes confusion to consumers and disrupt the State's ongoing CDPAP transition, you cannot claim to be committed to protecting the integrity of home care services.

For reference, these are examples of the complaints of false, deceptive or coercive information being spread to CDPAP consumers and personal assistants:

- Providing false information to consumers about the requirements of the Statewide Fiscal Intermediary transition.
- Charging a fee to potential personal care workers for the minimum 40-hour training and assessment to become a personal care assistant.
- Falsely telling PAs that they can provide personal care services (PCS) to their family member currently participating in CDPAP, in violation of 18 NYCRR 505.14.
- Falsely telling PAs that they can provide PCS without meeting PCS requirements, including training and other assessments, registrations, and background checks.
- Falsely telling consumers that as of April 1, 2025, they no longer qualify for CDPAP services, or that their PA will no longer qualify to provide PA services.
- Falsely telling PAs or consumers that a personal care worker in a LHCSA can provide the same services as a PA under the CDPAP in violation of scope of practice regulations.

I appreciate your consideration and look forward to your response.

Sincerely,

James V. McDonald, M.D., M.P.H.
Commissioner of Health