

22 Corporate Woods Boulevard, Suite 501 | Albany, NY 12211 | **bsk.com**

HERMES FERNANDEZ, ESQ.
ROGER BEARDEN, ESQ.
hfernandez@bsk.com
rbearden@bsk.com
P: 518-533-3000
F: 518-533-3299

April 2, 2025

<u>**VIA ECF**</u>

Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza Brooklyn, NY 11201

*Re:   Engesser et al. v. McDonald, Civil Action No. 25-cv-01689 (FB) (LKE)*

Dear Judge Block:

We write in regard to the above-captioned action and respectfully request that the Court accept this letter. This firm has been involved in the New York Consumer Directed Personal Assistance Program for more than twenty-five years. During that time, and including today, we have advised and represented both Consumers and Fiscal Intermediaries, including not-for-profit and for-profit Fiscal Intermediaries, both large and small. We are aware of what has happened, and more importantly, not happened, since the Court's issuance of a Temporary Restraining Order on Monday, March 31st in the above-captioned action. That TRO authorized Fiscal Intermediaries besides the single, statewide Fiscal Intermediary to continue to provide Fiscal Intermediary services through Friday, April 4th, the expiration date of the TRO. In addition, the TRO authorized Medicaid Managed Care Plans and Local Departments of Social Services, *i.e.*, Medicaid payors, to continue to contract with and pay Fiscal Intermediaries during the term of the TRO.

Those provisions of the TRO are necessary to ensure that Consumers would continue to be able to receive the care that they were receiving from their Personal Assistants. Without Fiscal Intermediaries to pay Personal Assistants, and without Medicaid payors to reimburse the Fiscal Intermediaries, Consumers would be unable to receive their needed care.

Due to actions taken by the Commissioner and State Department of Health yesterday, Consumers are not receiving their care. As is well-documented in the letter submitted to the Court yesterday by Lisa Cleary on behalf of the Plaintiffs, Defendants have taken a constrained view of the TRO, and have actively taken steps to enforce that constrained view.

We are writing to advise the Court that the Defendants actions have had the effect of preventing all Consumers from receiving Consumer Directed services, including those Consumers who have not begun the process of registration with PPL, the selected single, statewide Fiscal Intermediary.

Defendants' constrained view of the TRO, a view they are enforcing, is that only those Consumers who have not yet begun the registration process with PPL may be served by Fiscal Intermediaries other than PPL. Under Defendants' constrained view, Consumers who have begun but not completed the registration process cannot be served by other Fiscal Intermediaries even if none of their Personal Assistants have completed the registration process. Consumer registration by itself is meaningless. Without Personal Assistants, Consumers cannot receive care. Defendants are blocking those Consumers from receiving care, since their Personal Assistants are not currently available to them.

As appalling as that is, Defendants' actions are having the effect of blocking Consumer Directed services even to those Consumers who have not begun the registration process, the subset that Defendants concede are covered by the TRO. That is because the payors must provide authorizations permitting Fiscal Intermediaries to serve individual Consumers. All prior authorizations had been cancelled by payors at the Department's direction as of March 31st. New authorizations are necessary or Fiscal Intermediaries will not be reimbursed for Personal Assistant services. The payors have not yet provided new authorizations for any Consumers because the Department has told them they cannot provide authorizations for Consumers who have begun the registration process with PPL. The payors do not know who those Consumers are. Cutting off funds to Fiscal Intermediaries cuts off care to Consumers. Personal Assistants cannot be expected to work without a paycheck, a paycheck they know they will receive.

Defendants' actions are having real consequences. Consumers like T.G., who receive twenty-four hours of care, seven days a week, must be catharized six times per day. He must be turned over in bed six times per day. T.G. cannot last much longer without care. He will soon be hospitalized.

Working with other attorneys representing individuals and entities who receive or provide Consumer Directed services, we are preparing an *amicus curiae* brief, which we will be asking the Court to accept as it considers the issuance of a Preliminary Injunction in this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

/s/

Hermes Fernandez, Member
Roger Bearden, Senior Counsel