UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. AND C.P., individually and on behalf of all persons similarly situated, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,<br><br>    Defendant. | Dkt. No.: 25-CV-1689<br><br>**DECLARATION OF LILLIAN CHOTKOWSKI** |

**DECLARATION OF LILLIAN CHOTKOWSKI**

Lillian Chotkowski hereby declares, under penalty of perjury, pursuant to 28 U.S.C. 1746, that:

1. I am the designated Medicaid representative and the court-appointed legal guardian for my son, John Chotkowski, and I direct his homecare services.

2. My son is 23 years old, and lives in Erie County, New York.

3. My son has been diagnosed with Rasmussen's Encephalitis (RE), a global brain injury, and a history of Hemispherectomy. Secondary to his Hemispherectomy, he is paraplegic, legally blind, nonverbal, and wheelchair dependent (non-ambulatory). He is enrolled in the OPWDD Waiver for people with Intellectual/Developmental Disabilities.

4. My son receives CDPAP services.

5. His plan of care is that he receives 40 hours of CDPAP services per week. The exact schedule varies depending upon how Jack is doing and what he needs.

6. My son has two personal assistants. One is my son's sister. The other personal assistant is not a family member.

7. We previously registered my son and one of his personal assistants for PPL. We were told by multiple people, including my son's OPWDD Service Coordinator, that the registration for my son and his one personal assistant was complete.

8. The second personal assistant has not been able to complete her registration. The second personal assistant's phone number was improperly linked to my son's Medicaid number, and they did not give her her own log-in number prior to her first attempt to register. This meant that the PPL system did not recognize the second personal assistant as a potential employee. She made several calls to PPL, but PPL did not call her back. When I called PPL, I got a call back. On the phone with me, the PPL rep was able to link the second personal assistant's account to an email, but not her phone number. She was then able to start the registration process. However, this second personal assistant has not been able to complete the e-Verify process. Other documents were not forwarded to PPL from her Fiscal Intermediary. She needed to secure those documents from her old Fiscal Intermediary and forward them to PPL. The Fiscal Intermediary assigned to help her was not able to assist her because she worked for a different Fiscal Intermediary. She is working full time at another job, and this process has been very time consuming and difficult to complete.

9. Last night, March 31, one night prior to the start of PPL, we thought we were all set for the new program for my son and the first personal assistant. The first personal assistant, the one who we believed was completely registered, received an email from PPL, attached here as an exhibit, telling her that services could not begin until PPL received a service authorization for my son. The email said: "All CDPAP paperwork is complete for you and your consumer. Now, we are just waiting on the service authorization for your consumer from their health plan. Once PPL receives the service authorization, you will be all set to continue CDPAP services with PPL and start entering your team."

10. My son is not enrolled into a Medicaid health plan. My son is enrolled into Straight (Fee for Service) Medicaid.

11. The first personal assistant told me about the PPL email on the afternoon of April 1. Before she told me about this email, I did not know about this step in the process. We were not informed that there was even a chance that a Service Authorization would not be automatically given to PPL before April 1.

12. After learning about the above-mentioned PPL email, I called my son's old Fiscal Intermediary. They told me that CASA should send the Service Authorization to PPL.

13. I tried contacting CASA via telephone. Despite trying multiple times, I was unable to reach CASA to ask when they would send the Service Authorization to PPL. Also, CASA's fax system has been down. I have been trying to fax medical documents to CASA for several days, but the faxes would not go through.

14. Today, the first personal assistant tried logging into PPL to clock in, but was unable to do so.

Docusign Envelope ID: 4FC693A2-4060-4DAE-B024-59F76CGC604C

15. When we contacted the old Fiscal Intermediary to ask whether my son's personal assistants could clock in with them, the old Fiscal Intermediary told us the answer is no. They said they could no longer provide CDPAP services based upon their understanding of their contract with New York.

16. My son needs 40 hours of CDPAP care per week. It will be a major hardship for our family if his personal assistants are not paid because we rely on that care for my son's needs. His personal assistants will not be able to continue coming to work if they are not paid. I have arthritis in my spine, and will be needing an epidural in my neck on April 8. We have not yet figured out how we would manage if his personal assistants could not come.

Dated:  April 1, 2025
        Erie County, New York

Signed by:
*Lillian Chotkowski*
38BABDE82E5747B...

Lillian Chotkowski