UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. AND C.P., individually and on behalf of all persons similarly situated, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,<br><br>            Plaintiffs,<br><br>            *v.*<br><br>JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,<br><br>            Defendant. | Dkt. No.: 25-CV-1689<br><br>**DECLARATION OF BRYON ROGERS** |

Bryon Rogers hereby declares, under penalty of perjury, pursuant to 28 U.S.C. 1746, that:

1. I am 51 years old and live in Brooklyn, New York.

2. I have been diagnosed with chronic pain, Sciatica, High Blood Pressure, poor balance, and fatigue.

3. I receive CDPAP services.

4. Because of my extreme fatigue and pain, I rely heavily on the personal assistant who assists me daily.

5. My personal assistant helps me with preparing meals, doing my laundry and other household chores, shopping, arranging doctors' appointments and other appointments, personal hygiene, and reminders to take my medicine.

6. My plan of care is 3.5 hours per day, five days a week, performed by a personal assistant who works in 3.5 hours shifts.

7. Through the CDPAP program, I have one personal assistant. She is not related to me.

8. In early March, my Medicaid Plan Care Manager called me for my monthly check-in. She told me briefly about the CDPAP transition to PPL. However, she did not explain what it meant, what was required of me, or what my personal assistant needed to do. I did not understand that it would be mandatory.

9. Around March 20, 2025, I got a letter in the mail from my Medicaid Plan dated March 18, 2025. The letter, attached here as an exhibit, was addressed to me, and told me that I and my personal assistant must take immediate action to transfer my CDPAP services to PPL. The letter did not tell me that I could request a hearing. After reading the letter, I still did not understand what it meant, and did not feel comfortable making the transition without more information.  The letter did not say that I could request a fair hearing.

10. On March 28, my Medicaid Plan called me to ask if I would like to enroll into PPL. I was confused about what this meant. I did not feel comfortable enrolling, because no one had explained to me about how enrolling would affect my ability to receive homecare. I told my Medicaid Plan that I was not interested in enrolling. My Medicaid Plan said that my CDPAP services would be closed out and that I would not receive any more services as of March 31. I thought that my Medicaid Plan had terminated my authorization. I was confused and upset about what to do.

11. Today, my personal assistant spoke with my old Fiscal Intermediary, Best Professional Home Care, to ask what we could do to keep my CDPAP homecare. The Fiscal

Intermediary said that Medicaid would not pay my personal assistant if she clocked in to the old Fiscal Intermediary's system.

12. It was not until I got a phone call later today from an attorney at NYLAG that I finally understood what this transition to PPL really meant, and what was expected of me. My personal assistant and I are going to start trying to enroll ourselves into PPL tomorrow.

13. I also learned from the NYLAG attorney that my personal assistant might be able to clock in to her work today using the system from the old Fiscal Intermediary. She tried clocking in and was able to do so. Had the NYLAG attorney not notified us, we would not have known to try.

14. My personal assistant cannot afford to spend time with me everyday if she is not paid.

Dated: April 1, 2025
Queens, New York

*Bryon Rogers*

Bryon Rogers