UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. AND C.P., individually and on behalf of all persons similarly situated, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,<br><br>Defendant. | 25-CV-1689<br><br>SUPPLEMENTAL DECLARATION OF JOSEPH G. RAPPAPORT, EXECUTIVE DIRECTOR OF BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED |

Joseph Rappaport hereby declares under penalty of perjury that:

1. I am the Executive Director of the Brooklyn Center for Independence of the Disabled (BCID), a named plaintiff in this action.

2. I make this supplemental declaration in further support of Plaintiffs' motion for a preliminary injunction.

3. BCID staff has been inundated with calls yesterday (April 1st) and today (April 2nd) from constituents with disabilities who rely on CDPAP services to remain safely in their homes rather than being confined to institutions.

4. We have heard from scores of CDPAP recipients in the last two days.

5. We continue to hear all the problems that I described in my first declaration which was filed as ECF #12 in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction in *Engesser et al v. McDonald*, 25-CV-1689.

6. For example, BCID constituent J.F. and his two personal assistants have all tried for weeks to register with PPL. J.F. believes that he himself is fully enrolled, but his personal assistants are not yet registered despite creating PPL accounts over 3 weeks ago. J.F. and his caseworker have repeatedly called PPL and his former FI, Concepts, but cannot reach anyone. J.F.'s personal assistants were not able to clock in with Concepts or PPL, and are worried that they cannot continue to work without getting paid.

7. E.V. and her personal assistants have done everything they can to register with PPL, but PPL's system continues to show only that her personal assistants are "in review." E.V. cannot use the PPL app, and her personal assistants have been unable to clock in through the PPL phone number. E.V.'s former FI, Senior Care, sent her a text this morning saying that yesterday was the last day they could process clock-ins. E.V. and her personal assistants have no idea how to record the personal assistants' hours so they can be paid.

8. Additionally, as of April 1st, our constituents overwhelming report that PPL's verification and timekeeping systems are not working for anyone, including those constituents who had been informed that they and their personal assistants were fully registered, confirmed, and should have been able to log in to begin work on April 1st.

9. For example, G.A. is a BCID staff member who receives CDPAP services. G.A. and her personal assistants are fully enrolled with PPL. However, G.A.'s personal assistant repeatedly received a message saying that her "phone number is not recognized" when she called the PPL telephone line to clock in on April 1st. The PPL app was also non-functional. Her former FI, Concepts, did not answer the phone or return her calls after she left messages for them on April 1st, making G.A. and her assistant worried that her assistant would not be paid for the hours she worked.

10. Among many other problems, PPL's systems are suddenly informing many CDPAP consumers and personal assistants who believed they were fully enrolled and registered that PPL lacks the service authorization for the consumer.

11. For example, BCID constituent B.S. and his personal assistants are all fully registered through PPL. However, PPL notified him that his service authorization has not come through. B.S.'s local Department of Social Services ("DSS"), which is responsible for his authorization, says that the authorization is ready and waiting in the EmedNY system, but PPL has not picked it up. B.S.'s personal assistants are worried that they might not get paid because PPL is refusing to pick up B.S.'s service authorization.

12. J.H. is also waiting on a service authorization to be fully registered with PPL. J.H.'s personal assistants are unable to clock in through PPL's app or phone number, or through their former FI, Concepts. J.H. is keeping paper timesheets for his personal assistants, but they are worried that there is no guarantee that they will be paid for their work.

13. Similarly, M.M spent 3 hours waiting on the phone with PPL this morning to try to log her personal assistants' hours. When M.M. finally reached a PPL representative, she was told that she and personal assistant would be unable to log hours because PPL does not have her service authorization. PPL told M.M. to call Visiting Nurse Service (VNS) to get the service authorization; when M.M. called VNS, they told her they had no idea what she was talking about. PPL refused to contact M.M.'s former FI, Concepts of Independence, who obviously would have the service authorization, or to provide M.M. with an alternate way to log hours for her personal assistant. M.M. is unable to reach Concepts herself. M.M.'s personal assistant is telling M.M. that she will not be able to work because she believes she will not get paid.

14. We have been told that, after the Court issued the TRO allowing the former fiscal intermediaries ("FIs") to continue to serve consumers, PPL informed the fiscal intermediaries who are now working as PPL subcontractors that they would be in breach of contract if they continued to process payments to workers as fiscal intermediaries. As a result, at least some subcontractor FIs have informed CDPAP recipients that they cannot continue to provide services to CDPAP consumers and personal assistants.

15. Many BCID constituents were previously served by Concepts of Independence ("Concepts") as their FI and now use Concepts a subcontractor facilitator with PPL. We have been told that Concepts sent these CDPAP consumers a message saying that Concepts received a letter from PPL threatening their subcontract if they continued to process payments as an FI.

16. Concepts told CDPAP recipients that they should not track personal assistants' hours in Concepts' system, but should instead try to log into the PPL system or keep a paper record of their hours.

17. For example, K.H. and her personal assistants were fully enrolled and registered with PPL and believed that they were all set to log into PPL on April 1st. On the mornings of April 1st and April 2nd, K.H.'s personal assistants were completely unable to sign in using the PPL app, despite the fact that they were fully registered. On April 1st, K.H. wrote and called Concepts of Independence's main office and the Concepts timekeeper she usually has contact with, but no one got back to her. Her personal assistants were able to sign into the Concepts EVV yesterday morning, but then K.H. received the communication described above from Concepts, telling her that PPL threatened to terminate Concepts' contract if they continue to pay personal assistants. K.H. is keeping a paper record of her personal assistants' hours, but she does not know if that will allow her assistants to be paid since Concepts told her they cannot pay workers, but also told her not to submit the paper record to PPL. K.H. was just released from the hospital recently, and cannot remain at home without her assistants. She is worried because her assistants will not continue to work for her if they cannot be sure that they will be paid.

18. Additionally, some BCID constituents who thought their personal assistants were fully registered with PPL are now seeing that those personal assistants are now labeled "returned" in the PPL system.

19. For example, M.F. is a BCID staff member who receives CDPAP services. M.F. is fully enrolled with PPL, and her personal assistants have been trying for weeks to register with PPL. However, PPL's system reports that one of M.F.'s personal assistants is "being returned" and the other is "in review." M.F. was unable to use the PPL app or phone number on April 1st. M.F. clocked in her staff by calling the phone number for her old FI, Concepts,

but after receiving the message described above from Concepts, she does not believe that Concepts will pay her personal assistants. M.F's personal assistants have told her that they don't know if they should come to work because they are not sure that they will be paid.

20. On April 2nd, M.F. was able to submit some documentation on her personal assistants' behalf. M.F.'s personal assistant then tried to call the PPL phone line to log her hours, but the phone line said that M.F. was not registered. M.F. is trying to get through on the phone line herself, but the system keeps hanging up on her because, due to her disability, it takes her longer than the system allows to enter her birthdate.

21. We continue to be extremely concerned that our constituents and other individuals with disabilities throughout New York State are being deprived of the essential CDPAP services that they depend on to remain safely in their homes.

Dated: April 2, 2025
Brooklyn, New York

Joseph G. Rappaport