UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. AND C.P., individually and on behalf of all persons similarly situated, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING, <br><br> Plaintiff, <br><br> v. <br><br> JAMES V. MCDONALD, as Commissioner of the New York State Department of Health, <br><br> Defendant. | CASE NO. 1:25-CV-01689-FB-LKE <br><br> **Judge Frederic Block** <br><br> **DECLARATION OF JULIAN HAGMANN** |

Per 28 U.S. Code § 1746, I, Julian Hagmann, being duly sworn and under oath, state as follows:

1. I am over the age of 18, sound mind and body, and fully competent to testify about the matters stated in this Affirmation. I have personal knowledge regarding the facts set forth in this Declaration.

2. I am the Vice President of Caring Professionals Inc. ("Caring Professionals"), a Licensed Home Care Service Agency ("LHCSA") and trusted Fiscal Intermediary ("FI") in New York State, serving tens of thousands of Consumers and Personal Assistants ("PA") for over three decades in the New York Consumer Directed Personal Assistance Program ("CDPAP").

3. I submit this Declaration in support of the Plaintiffs' application for a preliminary injunction requiring the Department of Health ("DOH") to allow CDPAP Consumers to continue to be serviced by their existing Fiscal Intermediary ("FI") beyond the deadline imposed for the transfer to Public Partnerships, LLC ("PPL") as the sole Statewide Fiscal Intermediary ("SFI"),

4. FIs perform the following on a daily basis:

1

- Ensures the Consumer is able to direct their own care
- Ensures PA's and Consumers adhere to the 21st Century Cures Act act for Electronic Visit Verification
- Conducts spot checks of PA's to ensure services are being performed
- Handle any inbound calls regarding any issues or questions
- Ensures the Consumers have adequate coverage and offers assistants when applicable
- Ensures service authorization hours are followed and uploaded properly
- Process wages and billing
- Established schedules with the Consumer and PA's
- Offers free trainings for PA's to advance their careers and education.

5. FIs support also Consumers. Managing one's own home care is not always easy, and FIs assist in conflict resolution with PAs, from the simple disputes needing mediation to dealing with sexual harassment or racial discrimination sometimes arise. FIs deal with all of this.

6. New York also requires that every employer, even employers with only one employee, provide employees with training against sexual harassment, and FIs make that training available. *See* NY Labor Law 501-g.

7. New York also requires that PAs have at least twenty-four consecutive hours off each work week or be paid at overtime rates for hours during that period. *See* NY Labor Law 161.

8. The responsibility for that falls on FIs, as well.

9. New York also requires that PAs receive a minimum amount of paid leave each year. Likewise, the responsibility for assuring that occurs falls upon FIs.

10. There are other restrictions on PA hours that FIs must assure Consumers respect, including using multiple PAs if a Consumer receives more than sixteen hours of PA services per day and Consumers must provide a separate space reserved for the PA if authorized to receive live-in, twenty-four-hour care. *See* 18 NYCRR § 505.28(b)(4), (d)(2)(v).

11. In addition, each PA must receive three one-hour breaks and a five-hour uninterrupted break. If those breaks are not received, the rate of payment to the PA is significantly different. FIs must work with Consumers to assure these rules are respected.

12. As SFI, PPL must fulfill the same requires that FIs had to do previously.

13. As SFI, PPL must ensure that all CDPAP Consumers and PAs are eligible for services and should be facilitating requisite orientations for PAs, which typically happens when a PA switches to a new FI.

14. The process for enrolling PAs with PPL is even more daunting, with the following tasks needing to be completed before a PA is eligible to receive payment:

- Provide original photo ID for I-9 completion (i.e. State-issued driver's license, State-issued non-driver's license photo ID, Permanent Resident Card, Employment Authorization Card, U.S. Passport)
- Provide signed, original social security card
- Complete pre-hire physical exam and TB questionnaire, signed by licensed medical professional (and includes any needed medical clearance resulting from the exam)
- Provide proof of vaccinations
- Submit to and provide results of PPD or Quantiferon TB Test:
- Complete EPS Staff check
- Complete direct deposit form (if applicable)
- Complete e-signature package, including a PA/Consumer agreement, live-in guidelines, and a Disqualified Relationship Attestation.

15. Any Consumer and their PAs that have not met all of these qualifications is not fully enrolled with PPL, is not ready for PPL to begin providing services and, critically, is not eligible for payment.

16. Existing FIs were operating and providing the litany of services listed above to the CDPAP Consumers and PAs who are not fully transitioned to PPL as recently as March 31, 2025.

17. The only thing that changed on April 1, 2025 was that the DOH had directed the MCOs and LDSSs to terminate their contracts with the Existing FIs and terminate the requisite authorizations for Consumers to receive care and for FIs to pay PAs for providing these services.

18. But the reality is that Existing FIs stand ready, willing, and able to resume that role. DOH need only direct the MCOs and LDSSs to reinstate and reissue the contracts and authorizations.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2024

Julian Hagmann