Docusign Envelope ID: 9D19E222-F872-4631-A06E-42775E00186C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. AND C.P., individually and on behalf of all persons similarly situated, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,<br><br>Defendant. | CASE NO. 1:25-CV-01689-FB-LKE<br><br>Judge Frederic Block<br><br>**DECLARATION**<br>**OF DANIEL MCNAMARA** |

I, Daniel McNamara, declare as follows:

1. I am a Regional Director of Business Development for Maxim Healthcare Services, Inc ("MHS"), the parent organization of Maxim of New York, LLC ("Maxim"). My responsibilities for MHS include servicing the area covered by Maxim. As such, I am fully familiar with the facts and circumstances set forth in this Declaration.

2. I submit this Declaration in support of the Plaintiffs' application for a preliminary injunction requiring the Department of Health ("DOH") to allow New York CDPAP Consumers to continue to be serviced by their existing Fiscal Intermediary ("FI") beyond the deadline imposed for the transfer to the Statewide FI.

3. In order for Maxim and other FIs to provide services to consumers, the FIs must receive authorizations from the entities established to work with the FIs to process such

Page 1

authorizations—the Managed Care Organizations ("MCOs") or Local Departments of Social Services ("LDSSs") servicing those consumers' areas.

4. After this Court's order on March 31, 2025, Maxim reached out to various MCOs and LDSSs to determine how to provide services under the TRO. As of April 2, 2025, the plans that have responded to Maxim have made statements to Maxim such as, there will be no further authorizations, they will not maintain active contracts with any fiscal intermediary outside PPL, and that they are following DOH guidance.

5. One MCO said it could not issue updated authorizations because "NYS required us to switch all auths to PPL effective 4/1 or risk freezing our Medicaid enrollment/program entirely," so that plan "will be stopping your claims with DOS 4/1 and until further notice to pay without an auth."

6. Another stated that "We are following the NYS DOH guidance and continuing with the authorizations we have moved to PPL. We will not be moving any authorizations back to other FIs."

7. Another stated that they have "contracted with PPL effective 4/1 and [have] loaded all authorizations to PPL for the ongoing care of our members. At this time, we do not maintain active contracts or authorizations with any fiscal intermediaries outside of PPL."

8. Maxim is currently unable to service consumers who have not transitioned to PPL, or whose PAs have not transitioned to PPL, without support of the plans, who, upon information and belief, are all acting at the direction of the DOH. Without clearer guidance given to the plans at DOH's instruction, Maxim is unsure how it will service any consumer the TRO is intended to cover.

Docusign Envelope ID: 9D19E222-F872-4631-A06E-42775E00186C

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2025
Baltimore, Maryland

Signed by:

Daniel McNamara

AFSDOCS:302124188.2