

Office of the New York State
Attorney General

Letitia James
Attorney General

April 24, 2025

**By ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    *Engesser v. McDonald*
            E.D.N.Y., Court No. 25-cv-01689 (FB) (LKE)

Dear Judge Block:

Defendant writes pursuant to the April 22, 2025 Minute Entry ("April 22, 2025 Order") directing the Department of Health ("DOH") to "file a letter notifying the Court as to the progress of their efforts to resolve the matter" raised in non-party Caring Professionals' April 18, 2025 letter, ECF Doc. 63, and discussed at the April 22, 2025 conference before the Court ("April 22, 2025 Conference").[1]

Subject to the April 22, 2025 Order, shortly after 10 p.m. on Tuesday, April 22, 2025, counsel for Caring Professionals emailed to the parties a list of 12 Managed Care Organizations ("MCOs") that Caring Professionals alleges have not changed consumers' authorizations for payments to personal assistants ("PAs") back to Caring Professionals when required under Sections II(d)(iv) and II(e)(iii)(1) of the Preliminary Injunction ("PI"). DOH reports taking immediate action upon receipt of that email. At the daily 9 a.m. call with MCOs on Wednesday, April 23, 2025, DOH reiterated the requirements under the PI for when MCOs must switch authorizations such that a PA can be paid by an outgoing Fiscal Intermediary ("FI") while the consumer completes the transition to PPL. See PI ¶¶ II(d)(iii)-(v), (c)(iii)-(v). Thereafter, DOH requested information from each MCO in order to further investigate the purported issues raised by Caring

---

[1] To be clear, Defendant is not responding to Freedom Care's April 22, 2025 letter, ECF Doc. 69, which was not part of or discussed at the April 22, 2025 conference, or an email sent by Roger Bearden, on behalf of the New York Association on Independent Living (NYAIL) and the Consumer Directed Personal Assistance Association of New York State (CDPAANYS), at 12:04 a.m. on April 24, 2025. Nevertheless, DOH takes seriously all concerns regarding consumers' services and PAs' payment and will investigate the concerns and issues raised by Freedom Care's April 22, 2025 letter and NYAIL/CDPAANYS' April 24, 2025 email.

Professionals.

DOH advises that the information provided by MCOs shows that Caring Professionals sent letters to MCOs on or about April 16, 2025 identifying 987 individuals as consumers that wished to revert to Caring Professionals for FI services.[2] Of those 987 individuals, only 45 consumers actually made a request to their MCO to change their authorization to Caring Professionals. Of those 45 consumers, 39 had their authorizations successfully transferred by their MCO temporarily back to Caring Professionals. In the other six instances, MCOs were not able to accommodate the consumer's request because Caring Professionals and the applicable MCO do not have an agreement for the provision of services. Contrary to the claim from Caring Professionals, see ECF Doc. 63, DOH found no evidence that MCOs were not following the terms of the PI or the guidance issued by DOH pursuant to the PI.

As the Court is aware, DOH has issued guidance to MCOs, see ECF Doc. 65-1, and local districts of social services ("LDSS"), see ECF Doc. 67-1, setting forth the circumstances when a PA can be paid by an outgoing FI and the requirements of the MCO/LDSS to make that payment happen. DOH also created publicly-available instructions for consumers to follow when requesting that their PA be paid by the outgoing FI pursuant to Sections II(d)(iii)(2) and II(e)(iii)(3) of the PI. See ECF Doc. 67-2.

Indeed, the PI was negotiated by Plaintiffs and Defendant over several days before being ordered by the Court. It is clear that any request to transfer an authorization to a prior FI must be made by the consumer or their CDPAP designated representative, a defined term that does not include an FI. See PI ¶¶ I(m), II(d)(iii), II(e)(iii). This requirement is an important aspect of CDPAP, the gravamen of which is consumer direction to preserve individual autonomy and independence. The submission of a list of consumers from a prior FI to an MCO is neither appropriate nor envisioned by the PI, see PI ¶¶ II(d)(iii), II(e)(iii), and under the PI, MCOs are not required to act at the sole direction of an FI rather than their consumer member.

DOH advises that among the 942 consumers that did not in fact make a request to temporarily transfer their authorization back to Caring Professionals, the most common reasons were that the consumer had already elected to leave CDPAP and receive their long term care through Personal Care Services, an alternate program in which care is delivered by licensed home care services agencies, or both the consumer and their PA(s) had completed the registration and onboarding process with PPL.

More generally, Defendant strenuously objects to FIs' attempts to claim any rights under the PI, but nonetheless appreciates the opportunity to address any on-the-ground issues that consumers—not FIs—are having during the pendency of the PI. Defendant reiterates its objection to non-parties Caring Professionals' and FIs' attempts to improperly interject themselves into this litigation, as set forth in Defendant's April 21, 2025 letter, ECF Doc. 65, Defendant's April 22, 2025 letter, ECF Doc. 67, and at the April 22, 2025 conference. This litigation is brought by consumers, meaning individuals who are Medicaid recipients receiving

---

[2] Some MCOs responded to DOH with aggregate information that did not contain personally identifying information. Those MCOs that responded to DOH with personally identifying information did so using the established HIPAA-compliant Health Commerce System.

services through CDPAP, and organizational plaintiffs with consumer members, on behalf of a putative class of certain individual consumers. See Corrected Class Action Compl., ECF No. 32, ¶¶ 1, 18, 169. Caring Professionals is an outgoing FI; it is not a consumer, nor does it represent consumers, either in the putative class or otherwise. As a non-party, Caring Professionals has no standing to bring any motion in this litigation. Indeed, its attempt to insert itself in this litigation is inappropriate, particularly because Caring Professionals has brought a separate CDPAP-related litigation against DOH in another forum that is ongoing. See Index No. 601181/2025 (Sup. Ct. Nassau Cnty.).

DOH continues to comply with the PI and work toward to the transition of all consumers and PAs to PPL. In addition to issuing guidance for consumers, MCOs, and LDSS, see ECF Docs. 65-1, 67-1, 67-2, DOH also continues to assist consumers and PAs troubleshoot issues through DOH's call center. It should be noted that DOH advises that as of today, 204,000 consumers are Fully Registered, and 193,000 PAs are Fully Onboarded as defined by the PI, a significant increase since April 8, 2025. An additional 70,000 consumers have elected to modify their plan of care and receive homecare services through an alternate program.

Thank you for your attention to this matter.

                                                          Sincerely,

                                                          /s/ Rachel Summer
                                                          RACHEL SUMMER
                                                          Assistant Attorney General
                                                          212-416-8663
                                                          Rachel.Summer@ag.ny.gov