UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. and C.P., individually and on behalf of all persons similarly situated; BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,

Plaintiffs,

-against-

JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,

Defendant.

**Case No.:** 1:25-cv-01689

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

**WHEREAS**, in the above-captioned action ("Action"), plaintiffs Liza Engesser, Marisol Getchius, Geetanjali Seepersaud by her Next Friend Savitri Seepersaud, and Maria Jaime on her own behalf and as Next Friend to Y.P.S. and C.P. (collectively, "Named Plaintiffs"), Brooklyn Center for Independence of the Disabled ("BCID"), and Regional Center for Independent Living ("RCIL") (collectively, "Plaintiffs") and James V. McDonald ("Defendant"), sued in his official capacity as the Commissioner of the New York State Department of Health ("DOH"), (collectively, "the Parties") are in possession of certain documents and information that may otherwise be protected from disclosure by federal, state, and local laws and regulations, as well as by policy and practice of DOH, or that is otherwise non-public, confidential, proprietary, personal or sensitive in nature; and

Page 1 of 24

**WHEREAS,** the Parties wish to produce and use the above-described materials for purposes of this Action while at the same time preserving confidentiality and other applicable legal protections to the greatest extent possible;

**IT IS HEREBY ORDERED** that such materials disclosed, produced, or otherwise obtained in this Action shall be governed by the following conditions:

## I.      HIPAA Qualified Protective Order

1.      This Order shall qualify as a Health Insurance and Portability Accountability Act ("HIPAA") Qualified Protective Order (as defined in 45 C.F.R. § 164.512(e)(1)) with regard to the disclosure or exchange of protected health information. Nothing in this Protective Order is intended to diminish the protections afforded by HIPAA or create HIPAA protections not required by law.

## II.      Scope of Protective Order

2.      This Order governs the production, subsequent disclosure, and use of Confidential Information, Highly Confidential Information, and Confidential Information – Attorneys' Eyes Only (as defined below in paragraphs 6, 7, and 8, respectively) during the course of the Action, by the Parties or by any Non-Party (as defined below in Paragraph 15) either voluntarily, pursuant to the Preliminary Injunction dated April 10, 2025, ECF No. 62 ("Preliminary Injunction"), or as required by requests for discovery made pursuant to the Federal Rules of Civil Procedure (including any subpoenas) or by order of the Court. The protections conferred by this Order also cover: (1) any information copied or extracted from Protected Material (as defined below in Paragraph 9); (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel (as

defined below in Paragraph 14) that contain Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.      Subject to Paragraphs 19 and 34, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, the work product of their co-counsel, or the work product of any experts, consultants, or other advisors employed or retained by the Parties or their respective counsel created in anticipation of or in connection with the Action.

4.      This Order does not apply to the dissemination of Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only in the ordinary course of business by DOH under existing federal, state, and local laws, policies, rules, and regulations.

## III.   Definitions

5.      "Disclosure" or "Discovery Material" refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, electronically stored information, materials, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery requests in this Action.

6.      "Confidential Information" refers to any Disclosure or Discovery Material (regardless of how it is generated, stored, or maintained) including documents, testimony, interrogatory responses, other discovery responses, affidavits, deposition transcripts and exhibits, responses to requests to admit, or recorded or graphic matter, electronically stored information, or other written information produced in response to discovery requests in this Action, or tangible things that the Designating Party as defined below reasonably and in good faith believes

satisfy the good cause standard for protection under Fed. R. Civ. P. 26(c)—that is, information that, if disclosed, will cause injury to a Party or Non-Party due to the fact that it contains sensitive and non-public business, commercial, financial, or personal information, or proprietary data; or research or reports obtained from non-parties to this litigation, the disclosure of which is either restricted by law or which the Designating Party reasonably and in good faith believes will cause injury to a person's or organization's interests in information that is proprietary or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to third parties. "Confidential Information" does not include any information that:

    a.  is publicly available at the time of disclosure;

    b.  becomes publicly available after disclosure through no fault of the Receiving Party; or

    c.  the Receiving Party lawfully receives at a later date from a third party without restriction as to the disclosure.

For purposes of this Order, information that is "publicly available information" includes, but is not limited to, information that is disclosed by a Third Party directly or indirectly to the Receiving Party.

    7.    "Highly Confidential Information" refers to (1) all documents and information containing personal identifying information, names and other identifying information of minor children, or personal health, mental health, psychiatric, or disability information of any Named Plaintiff, or any other person, including but not limited to documents and information covered by HIPAA and records disclosed by a Party or Non-Party pursuant to any Authorization to Release

Medical Records executed in this Action, including documents and information disclosed pursuant to Part VI(a) of the Preliminary Injunction; and (2) testimony about the documents and information covered in this Paragraph.

8.      "Confidential Information – Attorneys' Eyes Only" refers to documents and information (1) that is designated as such at the time of disclosure; and (2) comprises or summarizes sensitive unverified or raw data or strategic insight from DOH or Public Partnerships LLC ("PPL") regarding the transition to PPL as the sole fiscal intermediary that is kept confidential in the ordinary course of business and shared with Plaintiffs' counsel pursuant to Part VI(c) of the Preliminary Injunction.

9.      "Protected Material" refers to any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10.     "Party" refers to any party to this Action, including all of its officers, directors, employees, consultants, or retained experts.

11.     "Designating Party" refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Designating Party bears the burden of establishing good cause for the protection of all such information or items.

12.     "Producing Party" refers to a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

13.     "Receiving Party" refers to a Party that receives Disclosure or Discovery Material from a Producing Party.

14.     "Counsel" or "Attorney" refers to attorneys and their support staff, including outside investigators, all of whom are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

15.     "Non-Party" refers to any natural person, partnership, corporation, association, governmental organization or other legal entity not named as a Party to this Action.

16.     "Expert" refers to a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

17.     "Professional Vendors" refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

18.     "Designated Representative" shall have the same meaning as designated representative pursuant to 18 NYCRR 505.28(b)(7).

## IV.     **Duration**

19.     The Order shall survive the conclusion of this Action. Within 60 days of the conclusion of this Action, including the time for filing and resolution of all appeals, all Confidential Information, Highly Confidential Information, and Confidential Information – Attorneys' Eyes Only obtained by any Receiving Party and all copies, notes (including, for example, notations made on documents produced in discovery), and other materials containing or referring to information derived therefrom, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed. Removable storage media containing

Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only is to be destroyed either by physically shredding or by forensically wiping the media. Removable storage media includes, but is not limited to, hard disk drives, CD-R, CD-RW, DVDs, floppy disks, zip disks, and tapes. Hard (paper) copies containing Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only must be shredded using crosscut or confetti shredder. All Parties, Non-Parties or Experts who possessed such materials shall verify their return or destruction by declaration or affidavit furnished to the attorney(s) for the Producing Party. Notwithstanding the foregoing, those portions of any notes or other materials obtained by any Party that are subject to the attorney-client privilege, or that contain the work product of any Attorney, and that also contain Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, may be destroyed rather than returned, and the destruction of same shall be verified by declaration or affidavit furnished to the Attorney(s) for the Producing Party. Notwithstanding the foregoing, Counsel for the Parties may retain complete and unredacted copies of any work product (including, for example, memoranda, summaries, reports, drafts of filings or correspondence and/or notes not made on documents produced in discovery) or filings that contain Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, to be used solely for reference in the event of, and only in the event of, a dispute over such Counsel's performance, or a dispute over the use or dissemination of information or materials designated under this Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by Counsel under the provisions of, and bound by, this Order. This Order shall survive the final termination of this

Action with respect to any such retained Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only.

**V.      Specific Requirements for Production of Confidential Information Designated As Attorneys' Eyes Only**

20.     To signify that a document is to be treated as Confidential Information – Attorneys' Eyes Only ("AEO"), it shall be marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party in the same manner as described below in Paragraph 25.

21.     Information and documents with the AEO designation that are produced for purposes of Part VI(c) and (d) of the Preliminary Injunction, may be used for purposes of litigation in this Action, including but not limited to issuing subpoenas, noticing depositions, asking questions at depositions or to otherwise investigate or confirm, and for motion practice, subject to Section VI of this Order.  This Paragraph does not apply to any information or documents otherwise subject to Fed. R. Evid. 408, except to the extent Fed. R. Evid. 408(b) applies.  Any other usage of information or documents exchanged during settlement discussions shall be governed by a separate agreement or order.

22.     The AEO Designation will remain on all information and documents until they are produced without an AEO Designation. At that time, the information and documents with the AEO Designation will be treated as either Confidential Information or Highly Confidential Information, as defined in Paragraphs 6 and 7.

23.     The inadvertent disclosure of a document or information without an AEO Designation shall not constitute a waiver of the right to designate such document or information as such. The failure to make an AEO Designation may be corrected by the Producing Party by written notification to the Receiving Party promptly upon discovery of the failure to designate.

Once an AEO Designation is made, the document or information shall thenceforth be treated as AEO information subject to all the terms of this Order.

**VI.      Production of Confidential Information, Highly Confidential Information, and Confidential Information – Attorneys' Eyes Only to Authorized Recipients**

24.      Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed as set forth in Paragraph 25, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Except as otherwise stipulated or ordered, this Order also treats as Protected Material oral communications designated as Confidential, Highly Confidential, or Confidential  – Attorneys' Eyes Only either orally or in writing, provided that the designation is made at the time of disclosure.

25.      Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order shall be designated and marked as follows:

   a.   Documents or TIFF Images: Documents or TIFF images may be designated as Protected Material by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing Protected Material. In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Protected Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Party shall use reasonable means to designate as Protected Material such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" mark; (ii) including "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the title name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the label of the media or in the production letter for the Natively Produced ESL

b. <u>Non-Paper Media</u>: Where Protected Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in Paragraph 25.a. above should be placed on the face of both the medium, if possible, and its container, if any, so as to give clear notice of the designation. To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as containing Protected Material, such printouts will be marked as described in Paragraph 25.a. above by the Receiving Party.

c. <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 25.a. above

d. <u>Written Discovery</u>: In the case of Protected Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Paragraph 25.a. above shall be placed on the first page of the document and on each page containing answers or responses that contain Protected Material.

e. <u>Depositions or Pretrial Testimony</u>: In the case of depositions or other pretrial testimony, the appropriate confidentiality designation as described in Paragraph 25.a. above shall be made by: (i) a statement on the record, by counsel, during the course of such deposition testimony, that such testimony shall be treated as Protected Material; or (ii) written notice, sent to counsel of record for all Parties within fourteen (14) days after receiving a copy of the transcript, that such testimony shall be treated as Protected Material. Any portions of a transcript designated as Protected Material shall thereafter be treated as such in accordance with this Order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked with the appropriate designation by the court reporter. Until the fourteen (14) day period identified above expires, the entirety of such transcripts and their associated exhibits shall be treated as Protected Material.

26.    If Discovery Material is inspected at the Producing Party's choice of location, all such Discovery Material shall be presumed at such inspection to have been designated as Protected Material by the Producing Party until such time as the Producing Party provides copies to the Party that requested the Discovery Material. When copies are provided, the Producing Party must determine which, if any such material, or portions thereof, qualify for protection

under this Order, and designate the materials as such as required under this Order.  Production of Protected Material for inspection shall not constitute a waiver of confidentiality.

27.    With the exception of the disclosures permitted in Paragraph 4 above, disclosure of Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only by any party shall be limited to the following individuals ("Authorized Recipients"):

a. Attorneys of record for the Parties, including associate attorneys, as well as legal assistants, legal interns who execute an acknowledgement in the form attached hereto as Exhibit B, and clerical personnel of the law office of any attorney of record;

b. Any Experts or consultants retained for any purpose related to this litigation, including those consulting or appearing at trial, provided they must execute an acknowledgement in the form attached hereto as Exhibit A;

c. Professional Vendors, provided they must execute an acknowledgement in the form attached hereto as Exhibit B;

d. The Parties, and their subordinate employees or Designated Representatives, except that Named Plaintiffs, their Designated Representatives, putative class members, and, in the event that a class of plaintiffs is certified in this Action, class members and their Designated Representatives, will not have access to any Highly Confidential Information or Confidential Information – Attorneys' Eyes Only, except for Highly Confidential Information related to themselves and to which the Named Plaintiff, the putative class member, the class member, or their Designated Representative, is otherwise entitled under statute or regulation;

e. Stenographers or videographers used in connection with the conduct of the Action;

f. Outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, provided, however, that any such outside service or vendor shall only retain any documents marked as Protected Material for the time reasonably necessary to perform the duties for which such outside service or vendor was retained and thereafter return such documents or electronic media to the Party who provided them;

g. Persons who are or were authors or recipients of the Protected Material or who testify concerning the Protected Material at trial or deposition, provided, however,

that if any trial or deposition witness is shown Protected Material without having previously authored or received such material, that person must execute an acknowledgement in the form attached hereto as Exhibit A;

h.  Mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in the Action;

i.  The Court, the Court's law clerks, and court administrative personnel including court reporters; and

j.  Such other Persons as hereafter may be agreed to by the Parties in writing or authorized by the Court.

28.  Any Authorized Recipient described in Paragraph 27, above, shall be bound by the terms of this Order. The Party who discloses Protected Material to any Authorized Recipient shall be responsible for so advising such Persons in writing of their obligations under this Order, with the further proviso that regarding Authorized Recipients described in Paragraph 27.a-c, g, above, the Party is also responsible for providing them with a copy of this Order and for obtaining said Authorized Recipient's consent in writing, in the form attached hereto as Exhibit A or B, not to use Protected Material, or any records or other documents that contain it, for any purpose other than in connection with the prosecution or defense of this Action; and not to further disclose the Protected Material except in testimony provided in this Action. The signed consent shall be retained by the attorney for the Disclosing Party, to be furnished to any other Party's attorney promptly upon request.

29.  To the extent that Plaintiffs' Counsel provide Highly Confidential Information to DOH pursuant to Section VI(a) of the Preliminary Injunction, the Parties agree that such information can be provided to PPL for the purposes outlined in Section VI(a) of the Preliminary Injunction.

30.  Except as provided in Paragraphs 4 or 29, above, or as otherwise permitted by provisions of federal, state, or local laws, rules, and regulations, the use of Confidential

Page 12 of 24

Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only for any purpose other than the preparation for trial or appeal of the Action or in connection with motion practice or settlement negotiations in the Action is prohibited, absent prior approval of this Court, sought on notice to the other Parties.

31.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the Persons authorized under this Order. Where data is transmitted and/or stored on a computer or other electronic media, the Receiving Party must have and comply with an appropriate computer security policy that protects confidential data from unauthorized disclosure in accordance with industry standards. The computer security policy must include provisions that address the physical security of computer resources; equipment security to protect equipment from theft and unauthorized use; software and data security; and access control. Any access to the stored data, wherever stored, must be limited to Authorized Recipients.

## VII.    Inadvertent Disclosure, Non-Conforming Disclosure, and Disclosure to Unauthorized Persons

32.    The inadvertent or *in camera* disclosure of Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only shall not prejudice or otherwise be deemed a waiver of, or estoppel as to, any confidentiality otherwise attached to said Protected Material. The failure to make any confidentiality designation may be corrected by the Producing Party by written notification to the Receiving Party promptly upon discovery of the failure to designate. Once proper designation is made, the subject document or information shall thenceforth be treated according to that designation subject to all the terms of this Order.

33.    Should any Party or Person to whom this Order applies wish to disclose any

Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only to any Person other than as described herein and specifically permitted by this Order, or for any purpose other than as set forth herein ("Non-Conforming Disclosure"), such Party or Person shall advise all counsel of the desired Non-Conforming Disclosure, including the proposed recipient of such disclosure, in writing ("Notice"). No Non-Conforming Disclosure shall be made unless and until the Party seeking to make such disclosure (a) notifies counsel for the other Parties of the proposed disclosure and (b) obtains the consent of the other Parties to the disclosure. If consent is not immediately given, the Party seeking Non-Conforming Disclosure must engage in a good-faith effort to obtain the consent of counsel for the other Parties to the proposed Non-Conforming Disclosure. Only if such consent is not obtained by the Party seeking to make a Non-Conforming Disclosure through the above-described measures may that Party move this Court for an order permitting such Non-Conforming Disclosure.

34.    In the event of disclosure of any Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only to a Person not authorized for access to such material in accordance with this Order ("Unauthorized Disclosure"), the Party responsible for having made such disclosure must promptly inform the other Parties' counsel of the relevant facts and circumstances of the Unauthorized Disclosure, including the information disclosed, the Person(s) to whom disclosure was made, the date(s) of disclosure, and any other relevant information about the nature and circumstances of the disclosure. The responsible Party must also promptly take all reasonable measures to procure the immediate redaction, destruction, or return of the Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only released by the Unauthorized Disclosure and promptly apprise the other Party's counsel in writing of the redaction, destruction, or return; and ensure

that no further or greater Unauthorized Disclosure or use of such information or materials is made.

**VIII.** **Use and Handling of Confidential Information, Highly Confidential Information, and Confidential Information – Attorneys' Eyes Only**

35.    Transcripts of any portion of deposition testimony that disclose Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, together with any exhibits to a deposition that disclose such information, shall be deemed to be Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, respectively, subject to the provisions of this Order.

36.    Any document, pleading, or tangible item that contains Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, if filed or submitted to the Court, shall be filed in a sealed envelope, or filed electronically under seal, concurrently with a redacted, unsealed version if appropriate.  The non-filing party shall not oppose the motion to seal, provided that the non-filing party does not challenge the original confidentiality designation.  Court filings and submissions from which Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only has been redacted in its entirety, such that they therefore no longer contain any such information, are not required to be filed under seal. A redacted version of each sealed filing must be filed on the public ECF system.

37.    If during a Court proceeding Confidential Information or Highly Confidential Information is likely to be revealed, any Party or Non-Party may request that the proceeding be held *in camera*.  Nothing in this Order precludes any Party or Non-Party from opposing any request that a proceeding be held *in camera* or otherwise be closed to the public.  If during a Court proceeding Confidential Information – Attorneys' Eyes Only is likely to be revealed, the

parties shall jointly request that the proceeding be held *in camera*, and neither party shall oppose the request that the proceeding be held *in camera*, provided that the non-filing party does not challenge the original confidentiality designation. If such request is granted by the Court, the transcript of such proceedings shall be treated in the same manner as a deposition transcript in accordance with Paragraph 25.e for the purposes of this Order. Any Party or Non-Party may designate the deposition or hearing testimony of any third party as Protected Material and invoke the provisions of this Paragraph to the extent the testimony or argument or comments by counsel discloses the Party or Non-Party's Protected Material.

38. Nothing in this Order shall be construed to limit or eliminate the applicability of the sealing and redaction requirements set forth in Fed. R. Civ. P. 5.2.

39. This Order does not address the use of Protected Material at trial. The Parties agree to meet and confer regarding use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time. Such meet and confers shall take place after reasonable notice to, and an opportunity to participate by, any Non-Party that has produced Protected Material that any Party intends to use at trial.

## IX. Challenging Confidentiality Designations

40. Any Party may upon written notice to all other Parties, challenge the Producing Party's designation of information as Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only, or of Discovery Material as Protected Material.

a. To challenge information designated as Confidential Information or Highly Confidential Information: Within fourteen (14) days of receipt of such notice, the Parties (and, if not a Party, the Producing Party) shall confer in good faith to

Page 16 of 24

resolve the disputed designation(s). Only if agreement is not reached may the Challenging Party move this Court for an order deeming the challenged information or Discovery Material non-confidential.  During the pendency of any such remedial efforts and/or motion practice, the challenged information or Discovery Material shall be treated by the Parties according to the designation used by the Producing Party.

b.  To challenge information designated as Confidential Information – Attorneys' Eyes Only:  Within seven (7) days of receipt of such notice, the Parties shall confer in good faith to resolve the disputed designation(s).  If agreement is not reached, the Challenging Party may move this Court for an order deeming the challenged information or Discovery Material non-confidential, or subject to any lesser designation, and at the same time or promptly thereafter may file any other application for relief that relies on the challenged information; provided that any such application(s) for relief will be filed under seal.  During the pendency of any such remedial efforts and/or motion practice, the challenged information or Discovery Material shall otherwise be treated by the Parties according to the designation used by the Producing Party.

41.     When faced with a challenge to its designation of information as Confidential, Highly Confidential, or Confidential – Attorneys' Eyes Only, the Designating Party bears the burden of proving it was properly designated.

## X.      Miscellaneous Provisions

42.     To the extent any federal or state law governing the disclosure or use of Confidential Information, Highly Confidential Information, or Confidential Information –

Attorneys' Eyes Only requires any Party or Non-Party to obtain an order of a court prior to disclosure of such information to Named Plaintiffs, this Order shall constitute compliance with such requirement. To the extent any federal or state law governing the disclosure or use of Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only requires any Party or Non-Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any Person before disclosure of any such information, the Court finds that, in view of the protections provided for such information, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Party or Non-Party is exempted from obtaining a court-ordered subpoena, having to notify and/or obtain consent from any Person prior to the disclosure of such information, and/or having to provide a certification that notice has been waived for good cause. Notwithstanding the foregoing, no Party or Non-Party shall disclose any HIV/AIDS status information, and shall redact any such information from records produced in discovery in this Action. Notwithstanding the foregoing, nothing in this Order shall preclude any Non-Party from raising any objection it may deem fit in response to any subpoena issued in conjunction with this Action.

43.    Nothing in this Order shall be construed to limit, modify, or interfere in any way with: (a) DOH's or their respective employees' or officials' use, in the ordinary course of business and as permitted by law outside of this Action, of documents and information defined as Protected Material that they legally have in their possession and that were not received through discovery in this Action or through releases or authorizations signed by the Parties; (b) the disclosure obligations of DOH under the New York Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law Article 6, and related state law, regulations, and judicial decisions; (c) the

interpretation, application, and implementation by DOH, its public access officers, and state courts of FOIL and related state law, regulations, and judicial decisions; or (d) any Producing Party's use of its own Confidential Information, Highly Confidential Information, or Confidential Information – Attorneys' Eyes Only.

44.    This Order shall be without prejudice to the right of any Party to oppose disclosure of any information or document on any and all grounds, including but not limited to the ground that any information or document is not relevant to any claim or defense in this Action. This Order also shall not in any way affect the applicability of the attorney-client communication privilege, the work product doctrine, the deliberative process privilege, or any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

45.    In the event additional parties are joined in this Action, they shall not have access to Protected Material until the newly joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order.

46.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

47.    The Parties may jointly seek to amend or modify this Order, subject to Court approval. Any request for amendment or modification that would permit greater disclosure of Protected Material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any Non-Party that has produced Protected Material to the extent such request for amendment or modification will apply to Protected Material produced by Non-Parties.

Dated: May ___5___, 2025

/S/ Frederic Block

Hon. Frederic Block
United States District Judge
As consented to by the parties

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, et al.,

                              Plaintiffs,

        -against-

JAMES V. MCDONALD, as Commissioner of the
New York State Department of Health,

                              Defendant.

---

**Case No.:** 1:25-cv-01689

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I have read the

Confidentiality Agreement and Protective Order ("Order") entered in the above-captioned action

("the Action") and understand the terms thereof. I agree that I will not use the Protected Material

defined therein for any purpose other than in connection with the prosecution or defense of the

Action, and will not further disclose the Protected Material, or any records or other documents

that contain such information, except in testimony given in the Action. I further agree that at the

conclusion of the Action, I will return all such information to the Party or attorney from whom I

received it, or, upon the express permission of the Party or attorney from whom I received it,

destroy all such information.

        By acknowledging these obligations under the Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Eastern District of New York

for the purpose of any issue or dispute arising hereunder and that any willful violation of any

term of the Order could subject me to punishment for contempt of Court.

_____          _____
Date                                      Signature

                                          _____
                                          Print Name, Occupation, & Address

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LIZA ENGESSER, et al.,<br><br>                              Plaintiffs,<br>        -against-<br><br>JAMES V. MCDONALD, as Commissioner of the<br>New York State Department of Health,<br><br>                         Defendant. | **Case No.:** 1:25-cv-01689<br><br><br>**ACKNOWLEDGEMENT** |

I, _____, hereby acknowledge that I have read the Confidentiality Agreement and Protective Order ("Order") entered in the above-captioned action ("the Action") and understand the terms thereof. I agree that I will not disclose any Confidential Information beyond the disclosures permitted by Paragraph 4 of the Order. I further agree that at the conclusion of the litigation, I will return all Protected Material received in conjunction with the above captioned Action to the Party or attorney from whom I received it, or, upon permission of the Party or attorney from whom I received it, destroy all such Protected Material.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that any willful violation of any term of the Order could subject me to punishment for contempt of Court.

_____                    _____
Date                                                             Signature