

May 15, 2025

Lisa E. Cleary
Partner
(212) 336-2159
(212) 336-2366 Direct Fax
lecleary@pbwt.com

**VIA ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

>           Re:     ***Engesser et al. v. McDonald*,**
>                   <u>**Civil Action No. 25-cv-01689 (FB) (LKE)**</u>

Dear Judge Block:

We represent Plaintiffs in the above-captioned matter. Pursuant to Rule 2.A of your Honor's Individual Rules and Section X of the Preliminary Injunction ("PI"), ECF No. 62, we respectfully request a pre-motion conference regarding Plaintiffs' anticipated motion to modify and extend the PI. Modification of the PI is necessary because the current PI is not serving its intended purpose—to provide continuity of services—and ███████████ of Consumers who still are not receiving services need additional time to transition to PPL.

Plaintiffs' proposed revisions focus on two areas: (1) enabling Facilitators to ease the administrative burdens on PPL and ultimately lessen the wait times for full transition to PPL; and (2) ensuring that Consumers who still are not receiving services through PPL have adequate time to transition.[1] The revisions accomplish these goals by bolstering the responsibilities and capabilities of Facilitators within PPL systems so that they can resolve enrollment issues on PPL's behalf, and by extending the original PI's expiration date to August 15, 2025.

"When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984). "The test of that discretion is measured by whether the requested [modification] effectuates or thwarts the purpose behind the injunction." *Id.* at 257. On a motion to amend a preliminary injunction, courts focus on whether the movant would suffer irreparable harm without the proposed amendments, along with the traditional factors needed to establish entitlement to preliminary injunctive relief. *Advanced Access Content Sys. Licensing Admin., LLC v. Feng Tao*, 689 F. App'x 661, 661-62

---

[1] Plaintiffs' counsel discussed these core revisions with DOH on May 8, 9, 13 and 14, 2025. However, on May 14, 2025, DOH informed Plaintiffs' counsel that it could not commit to the written proposal by the date of this filing.

(2d Cir. 2017) (summary order); *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 143–44 (2d Cir. 2005) (parties seeking to extend a preliminary injunction must establish entitlement to relief under three-factor test).

**A. Plaintiffs Will Continue to Suffer Serious and Irreparable Harm Absent Modification of the PI**

Plaintiffs and the Proposed Class are suffering irreparable harm and will continue to do so absent modification of the PI. Indeed, despite the progress of many Consumers since the PI took effect on April 11, 2025, ECF No. 62, ███████████ of others are still suffering losses or reductions in services. Still others are on the cusp of such losses or reductions as their PAs approach six weeks of no or only partial pay. Even some of the Named Plaintiffs—who were brought to DOH's attention over a month ago—are without services. For example, the PA for Named Plaintiff C.P., a minor child, was not paid timely throughout April; she quit to find a different job in early May. C.P.'s mother is now struggling to find a new PA to care for him.

This pervasive loss of services is confirmed by DOH's own data. *See id.* § VI.c-d. Consumers across all three categories of the original PI are suffering.[2] According to DOH, as of May 8, 2025, up to ██████ PAs in Category A[3] and ██████ in Category B had not been paid for their services—leaving their Consumers with the real threat of or actual loss of care. Approximately ██████ Consumers—many of whom have yet to be reached by DOH—are still in Category C, meaning they are no closer to receiving services through PPL than they were on April 1, 2025.

The original PI was intended to lessen such gaps in services by allowing Category B and C Consumers to temporarily return to their prior FIs, so that PPL can process other applications. *Id.* § II.d-e. But as of May 8, ***only*** ██████ ***Consumers out of the hundreds of thousands in CDPAP in March were being served by their prior FIs***. This markedly low ratio demonstrates that the original PI has not fulfilled that purpose. Without the support of FIs for a meaningful number of Consumers, PPL is still being inundated with more requests than it can handle, slowing the progress of the overall transition.

Plaintiffs' proposed revisions shift some administrative burdens on PPL to Facilitators—entities that subcontract with PPL under the CDPAP Amendment. N.Y. Social Services Law § 365-f(4-a)(ii-b). These revisions enhance Facilitators' responsibilities vis-à-vis PPL, so that they can address whatever is hindering services for a Consumer – for example, by accepting employment documents, verifying employability, and reviewing time clocked. *See* Ex. A,

---

[2] Plaintiffs adopt and incorporate by reference all definitions in the original PI, including the definitions of the three Consumer and PA categories. *Id.* § II.c-e.

[3] PPL paid approximately ██████ Category A PAs at the end of the most recent pay period, but many of these PAs have received *de minimis* paychecks transferring as little as $4. Such minimal payment leaves these PAs in effectively the same position as those who have not been paid at all.

Proposed Amended PI, §II.d. The revisions also eliminate the option for additional Consumers to resume FI services after June 6, 2025. *Id.* § II.f. Such changes—combined with the extended expiration date—will more effectively mitigate this crisis without ending all transition-related support before the as-of-yet transitioned Consumers are ready.

Additional proposed measures address other problems that have materialized since the original PI took effect. These measures include: (1) extending the time for PAs to use paper timesheets to continue to ensure timely payment; and (2) requiring consistent information sharing by DOH so that Plaintiffs' counsel can effectively monitor the transition and advocate for Consumers when necessary. Plaintiffs also propose biweekly, publicly filed status reports to promote transparency.

**B. Plaintiffs Satisfy the Other Preliminary Injunction Factors**

In addition to addressing irreparable harm, Plaintiffs' revisions satisfy the other elements of a preliminary injunction: likelihood of success on the merits and a balance of the hardships tipping in their favor. *Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620, 631 (2d Cir. 2020).

Indeed, Plaintiffs are likely to succeed on their Medicaid Act and Procedural Due Process claims because ▮▮▮▮▮▮▮▮ of Consumers have now suffered losses or reductions in care without Medicaid Act-compliant notice thereof or of their fair hearing rights. *See* 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.205, 431.206, 431.210, 431.211, 431.220, 438.210(c)-(d), 438.402, 438.404; *supra* at 2-3. Nor has DOH provided a single fair hearing or aid-continuing. These facts are not in dispute—the original PI does not address these rights and DOH has never purported to honor them. *Cf.* ECF No. 43 at 24-27.

Moreover, the balance of hardships favors Plaintiffs. The proposed revisions promise enormous public benefit and minimally burden DOH. The revisions will ensure the PI functions as intended—to protect tens of thousands of New Yorkers from continued loss of care, while facilitating the transition to PPL. Given that prior FIs' operations eventually will be extinguished under this arrangement—as intended by the CDPAP Amendment—the revisions exemplify the principle that "the Government's interest is" the same as "the public['s] interest." *Islam v. Cuomo*, 475 F. Supp. 3d 144, 160 (E.D.N.Y. 2020); *cf.* ECF No. 43 at 15-16. This arrangement will also require little additional work by DOH, as Facilitators already support the transition through an existing infrastructure based on the express terms of the CDPAP Amendment and the original PI. N.Y. Social Services Law § 365-f(4-a)(ii-b); ECF No. 62 § II.h.

Plaintiffs respectfully request an in-person conference no later than Monday, May 19, 2025 and an expedited briefing schedule for this motion so that Plaintiffs and the Proposed Class can receive services through PPL in an efficient, prompt and effective manner.

Respectfully yours,

Lisa E. Cleary

cc (by email or ECF)
Caitlin Ross
Emma Brill
Rachel Summer, DOH
Samantha Buchalter, DOH
Elizabeth Jois, NYLAG
Julia Russell, NYLAG

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LIZA ENGESSER, MARISOL GETCHIUS,
GEETANJALI SEEPERSAUD by her Next Friend
SAVITRI SEEPERSAUD, and MARIA JAIME
on her own behalf and as Next Friend to Y.P.S.
and C.P., individually and on behalf of all persons
similarly situated; BROOKLYN CENTER FOR
INDEPENDENCE OF THE DISABLED, and
REGIONAL CENTER FOR INDEPENDENT
LIVING,

**Case No.:** 1:25-cv-01689

Plaintiffs,

**[PROPOSED] AMENDED
PRELIMINARY INJUNCTION**

-against-

JAMES V. MCDONALD, as Commissioner of the
New York State Department of Health,

Defendant.

      **WHEREAS** the Consumer Directed Personal Assistance Program ("CDPAP") is a New York State Medicaid Program intended "to permit chronically ill and/or physically disabled individuals [referred to as 'consumers'] receiving home care services greater flexibility and freedom of choice in obtaining such services," N.Y. Social Services Law ("SSL") § 365-f(1); 18 New York Codes, Rules, and Regulations ("NYCRR") 505.28(a);

      **WHEREAS** under CDPAP, the consumer may select and retain personal care aides (referred to as a "personal assistant" or "PA") to assist with their home care needs;

      **WHEREAS** to participate in CDPAP, each consumer is required to assume responsibilities, including, but not limited to, recruiting, hiring, training, scheduling, and supervising their PAs, *see* SSL § 365-f(3);

      **WHEREAS** in the fulfillment of their responsibilities, the consumer works with a Fiscal Intermediary ("FI") that performs administrative functions such as wage and benefit processing for PAs, processing all income tax and other required wage withholdings, and maintaining

1

employment records on behalf of the consumer, *see* SSL § 365-f(4-a)(a)(i)-(ii); 18 NYCRR 505.28(b)(6) and (i);

**WHEREAS** on April 20, 2024, the New York State Legislature passed an amendment to CDPAP's governing statute (hereinafter "the CDPAP Amendment"), SSL § 365-f to address certain financial, administrative, and compliance concerns;

**WHEREAS** the CDPAP Amendment required the Department to issue a Request for Proposals ("RFP") to contract with a single statewide FI to perform the FI role for CDPAP ("Statewide FI"), *see* SSL § 365-f(4-a);

**WHEREAS** on September 27, 2024, Public Partnerships, LLC ("PPL") was selected as the Statewide FI;

**WHEREAS** the CDPAP Amendment provides that "[e]xcept for the [contracted] statewide fiscal intermediary and its subcontractors, as of April first, two thousand twenty-five, no entity shall provide, directly or through contract, fiscal intermediary services," *see* SSL § 365-f(4-a-1)(a);

**WHEREAS** as of March 31, 2025, there were CDPAP consumers who had not fully transitioned to PPL;

**WHEREAS** on or about March 24, 2025, DOH announced that Consumers and PAs would be permitted an additional 30 days to register with PPL, by April 30, 2025, such that those PAs will receive payment from PPL for all days worked in April 2025 upon registration;

**WHEREAS** Plaintiffs filed this action on March 26, 2025, and moved for entry of a temporary restraining order and preliminary injunction on March 27, 2025;

**WHEREAS** the Court granted a temporary restraining order on March 31, 2025, and entered a further Order clarifying the temporary restraining order on April 2, 2025;

**WHEREAS** no plaintiff class has been certified to date, Plaintiffs reserve the right to make any motion for class certification, and Defendant reserves the right to oppose any motion for class certification;

**WHEREAS** Plaintiffs and Defendant James V. McDonald, sued in his official capacity as Commissioner of the New York State Department of Health ("DOH" or the "Department") (together, the "Parties"), desired to resolve Plaintiffs' motion for a temporary restraining order and preliminary injunction without further litigation and without admission that a motion for such relief is appropriately granted;

**WHEREAS** the Parties proposed a Preliminary Injunction on April 9, 2025, which was so-ordered by the Court on April 10, 2025;

**WHEREAS** many Consumers continue to experience severe disruptions in care; and

**WHEREAS** this Amended Order will allow Consumers to receive services and PAs to be paid while Consumers and PAs fully transition to a single Statewide FI by better utilizing the services of Facilitators.

**IT IS HEREBY AGREED AND ORDERED AS FOLLOWS**:

I. Definitions

    a. "Amended Order" or "Amended Preliminary Injunction" means this Proposed Amended Preliminary Injunction submitted for the Court's approval on May 15, 2025.

    b. "Fully Registered Consumer" means a consumer who has themselves or through a Designated Representative:

        i. Completed the necessary steps for registration with PPL; and

        ii. Signed the required memorandum of understanding with PPL.

    c. "Fully Onboarded Personal Assistant" means a Personal Assistant who has completed all legal requirements to become a PPL employee, including employment eligibility verification, and has been notified that the PA is Fully Onboarded.

    d. "MCO" shall have the same meaning as a Managed Care Provider pursuant to SSL § 364-j.

    e. "LDSS" means Local Departments of Social Services established pursuant to Article 2 of the Social Services Law.

    f. "Authorization" means the authorization for services by an MCO or LDSS pursuant to 18 NYCRR 505.28(d)(3)(i).

    g. "Facilitators" means entities subcontracted with PPL to perform services on behalf of the consumer to facilitate the consumer's role as the employer pursuant to SSL § 365-f.

    h. "Prior FI" means the FI with which the Consumer was enrolled on March 31, 2025.

    i. "Expiration Date" means August 15, 2025, or any later date set by the Court.

j. "CDPAP Amendment" means Part HH of Chapter 57 of the New York Session Laws of 2024 that amended subdivision 4-a(ii-a) and added subdivision 4a-1(a) (*see* Section 3 of Part HH) to SSL § 365-f.

k. "New Consumer" means a consumer who seeks CDPAP services after March 31, 2025 or who continues CDPAP services while voluntarily changing MCOs.

l. "Stipulation and Order" means the Stipulation and Proposed Preliminary Injunction submitted for the Court's approval on April 9, 2025 and so-ordered by the Court on April 10, 2025.

m. "Designated Representative" shall have the same meaning as Designated Representative pursuant to 18 NYCRR 505.28(b)(5).

n. "Underserved Consumer" shall mean any Consumer whose full Authorization was not utilized in the two weeks prior to the entry of this Amended Order.

II. Employment and Payment of PAs through Pendency of Preliminary Injunction

a. DOH shall take the following actions to ensure that the PAs working with Consumers who were receiving care as of March 31, 2025 shall continue to be timely paid, or to be paid retroactively as quickly as possible, for their services performed since March 31, 2025 and receive statutory benefits consistent with applicable labor and employment laws, as set forth in this Section, while Consumers who received care as of March 31, 2025 complete registration, and their PAs are fully onboarded, with PPL.

b. DOH shall issue sufficient instructions to PPL, MCOs, LDSS, and Facilitators to ensure that they can comply with this Amended Order.

c. DOH shall provide copies of such instructions to Plaintiffs' counsel and consider any feedback. Plaintiffs' counsel shall be permitted to post the instructions publicly on their website as agreed upon with DOH.

d. Underserved Consumers

   i. DOH shall identify every Underserved Consumer within 5 business days of the entry of this Amended Preliminary Injunction.

   ii. DOH will assign each Underserved Consumer to a Facilitator. The assignment to a Facilitator shall take into consideration each Underserved Consumer's area of residence and Facilitators' physical locations. Any Consumer who wishes to

4

change their assigned Facilitator may do so by contacting the DOH Transition Hotline or their MCO or LDSS.

iii. DOH shall direct each Facilitator to contact all of its Underserved Consumers as soon as possible to determine what issues have prevented the utilization of their full authorizations and to begin addressing those issues.

iv. DOH shall require that each Facilitator provide to DOH a list of Consumers that have not been reached within two weeks of their assignment to that Facilitator, and within one week of receiving this list, DOH shall develop a plan with the Facilitators, MCOs and LDSS to reach any such Consumers.

v. DOH shall ensure that Facilitators, on behalf of PPL, can:

1. Access PPL systems in order to complete registration and onboarding of both Consumers and PAs;

2. View and edit real-time information on Consumer registration and PA onboarding, including specific information regarding any missing or improperly recorded documentation;

3. Review PA paperwork and documentation and complete all employment verifications on behalf of PPL;

4. Create and follow-up on "work tickets" in PPL's system;

5. View Consumers' authorizations for services, communicate with MCOs and LDSS regarding missing or incomplete authorizations, and contact Consumers to discuss any discrepancies between services authorized and services utilized;

6. View and verify PA time logged on the PA's profile as well as information regarding whether (a) a PA's shift was denied (and if so, why);  (b) PPL has edited a PA's time entry (and if so, why); and (c) paper timesheets were received for a PA.

7. View and verify payroll information for each PA of every assigned Consumer, including the date and method of payment and the number of hours worked accounted for in a paycheck.

8. Assist Consumers and PAs with manual entry of time, accept paper timesheets and enter information from those paper timesheets into PPL's system, and assist with Consumer approval of time entered as needed;

9. Escalate payment issues to PPL for resolution within 24 hours; and

10. Provide trainings to Consumers and PAs regarding PPL's time-keeping systems.

    vi. DOH shall ensure that PPL provides each Facilitator with:

1. A specific point of contact at PPL with a designated phone number and email address to resolve issues identified by that Facilitator that cannot be entirely resolved by the Facilitator;

2. Training materials regarding use of PPL's time-keeping systems; and

3. Materials sufficient to explain:

    (a) PPL's employment policies and employee benefits;

    (b) the process by which Consumers can terminate employment of a PA;

    (c) the process by which PAs can resign from employment; and

    (d) how the designations of "terminated" or "resigned" should be captured in PPL's system.

    vii. DOH shall provide materials to the Office of Mental Health and the Office for People With Developmental Disabilities for those agencies to distribute to their constituents explaining the transition to a single statewide fiscal intermediary and containing contact information for the DOH CDPAP Transition Hotline, PPL, and the Facilitators.

e. Paper Timesheets

    i. DOH shall instruct PPL that it must accept paper timesheets from any PA, without the Consumer or PA requesting an individual exception, until the Expiration Date.

f. Consumers and PAs Utilizing Services of Prior FIs

    i. Any Consumer being served by a Prior FI who is not Fully Registered with PPL by June 6, or whose PAs have not been Fully Onboarded to PPL by June 6 pursuant to Sections II.d.iii-v or II.e.v of the Preliminary Injunction, may continue to be served by their Prior FI until the Expiration Date.

    ii. DOH, the MCOs, the LDSS, and PPL shall not take any steps to transition these Consumers and PAs to PPL until June 30, 2025, unless the Consumer affirmatively seeks registration with PPL.

iii. Beginning on June 30, 2025, these Consumers and PAs shall be assigned to Facilitators who will assist them in fully registering and onboarding with PPL.

   iv. After June 6, 2025, no additional Consumers can have their authorizations for care returned to a Prior FI.

g. Notification of Employment by PPL

   i. DOH will direct PPL that, at the point when any PA who was previously not Fully Onboarded with PPL becomes Fully Onboarded with PPL, PPL must:

   1. Inform the Consumer, the Consumer's Designated Representative, if any, and the PA via email and phone that the PA is employed and will be paid by PPL, and the date when payment will begin;

   2. Provide the PA, the Consumer's Designated Representative, if any, and Consumer with instructions for submitting and approving time; and

   3. Fully and timely pay the PA back to the later of (a) April 1, 2025, or (b) the last date for which the PA was paid by the Prior FI, whichever date is the more recent, consistent with applicable law.

III. Expedited Authorizations

a. For any Consumer who is Fully Registered with PPL but whose Authorization has not been transferred to PPL, DOH will continue to prioritize the transfer of those Authorizations.

b. Expedited PPL Onboarding Mechanism:

   i. DOH will continue to utilize a process for urgent onboarding of PAs who are not Fully Onboarded with PPL. This process will include:

   1. Assignment of each Consumer to a Facilitator;

   2. Intensive and direct outreach by DOH;

   3. Expansion of DOH's dedicated CDPAP transition team;

   4. Continued staffing of a dedicated DOH CDPAP Transition phone line (at 1-833-947-8666) and email address (statewidefi@health.ny.gov) which shall remain publicly available;

   5. Provision of real-time access to PPL's technology systems for MCOs and Facilitators;

   6. Consumer in-home visits by Facilitators and/or MCOs;

       7.   Availability of in-person community office visits; and

       8.   PPL staff to be placed in-person community offices.

   c.  Registration and Onboarding of Consumers and PAs who receive services through LDSS:

       i.   DOH shall establish and direct PPL to establish a dedicated registration and onboarding process for Consumers who are not Fully Registered, and/or Consumers whose PAs are not Fully Onboarded, who receive services through LDSS.

IV.   Nothing in this Amended Order applies to New Consumers.

V.   This Amended Order does not prevent DOH or PPL from continuing to transition Consumers and their PAs to PPL, except as set forth in Section II(f).

VI.   This Amended Order vacates and supersedes the April 10, 2025 Preliminary Injunction.

VII.   Timeline

   a.  Defendant's time to answer, move, or otherwise respond to the Corrected Class Action Complaint, ECF No. 32, is hereby extended to the Expiration Date or any date further ordered by the Court.

   b.  Nothing in this Amended Order limits Plaintiffs' rights to seek an extension of the Expiration Date.

   c.  DOH will not oppose any request for a reasonable extension of the Expiration Date that is based on PPL's administrative capacity to timely register Consumers who wish to become Fully Registered Consumers and onboard PAs who wish to become Fully Onboarded PAs.

   d.  This Amended Order shall remain in effect until the later of the Expiration Date or any date further ordered by the Court.

VIII.   Reservation of Rights

   a.  Nothing in this Amended Order waives or compromises the rights of any Consumer under the Medicaid Act or other provision of law, including but not limited to, Consumers' rights to notice, an opportunity to be heard, and aid-continuing before any reduction, suspension or termination of services, as set forth in Plaintiffs' Corrected Class Action Complaint.

b. Nothing in this Amended Order compromises or waives any Party's claims or defenses as to the merits of this Action.

c. Nothing in this Amended Order diminishes the rights of PAs under federal or state labor or employment laws.

IX. Continued Communication Between the Parties During the Pendency of this Amended Order

a. With consent of the Consumer, Plaintiffs' counsel may provide DOH with the appropriate personal identifying information of any Consumer not Fully Registered with PPL or whose PAs are not Fully Onboarded with PPL. DOH will use, and will instruct PPL to use, best efforts to address the situation expeditiously and update Plaintiffs' counsel.

b. Plaintiffs' counsel may provide DOH with a description of ongoing technical, practical and logistical problems with respect to PPL, and DOH shall direct PPL to address those problems where appropriate.

c. DOH will provide Plaintiffs' counsel with weekly data, subject to the Confidentiality Agreement and Protective Order so-ordered by the Court on May 5, 2025, *see* ECF No. 75. At a minimum, this data shall include:

    i. Underserved Consumers by county, insurance type (MCO or LDSS), and acuity tier;

    ii. The number of Consumers who are Fully Registered with PPL;

        A. Of those Consumers Fully Registered with PPL, the number that have no PA associated with their PPL profile;

        B. Of those Consumers Fully Registered with PPL, the number that have had no PA log time in PPL's systems during the prior week;

        C. Of those Consumers Fully Registered with PPL, the number whose authorization for services was not fully utilized during the prior week;

    i. The number of Consumers who have started but not completed registration with PPL;

    ii. The number of Consumers who have not started registration with PPL;

    iii. The number of PAs who are Fully Onboarded with PPL;

    iv. The number of PAs who have started but not completed onboarding with PPL; and

v.   The number of Consumers who are receiving services from a Prior FI.

    d.  DOH will meet with Plaintiffs' counsel weekly.

X.   Reporting

    a.  On the first and third Monday of each month, starting on June 2, 2025 and ending on the Monday following the Expiration Date, DOH shall file publicly a report to the Court containing, at a minimum: (1) the number of Consumers who have left the CDPAP program since January 1, 2025; (2) the number of Fully Registered Consumers; (3) the number of Fully Onboarded PAs; (4) the number of PAs who have started but not completed the onboarding process; and (5) the number of PAs that were paid by PPL in the preceding pay period.

XI.   Neither Plaintiffs nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status by virtue of this Amended Order.

XII.   Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this Action whatsoever. Any actions taken pursuant to this Amended Order are made solely to avoid the burdens and expenses associated with the Motion for Preliminary Injunction, and this Amended Order and the actions taken pursuant hereto are not to be deemed an admission by Defendant of liability or wrongdoing or that Defendant has violated any of Plaintiffs' rights as contained in the statutes, regulations, Constitutions or other applicable law of the United States or the State of New York, and will not independently give rise to a claim against Defendant or the State of New York.

XIII.   This Amended Order shall not in any manner be construed as determinative of the issues or claims raised in this Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Amended Order shall not bind or collaterally estop Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar

issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

XIV.    The Parties can amend this Amended Order in writing, subject to approval by the Court.

XV.    DOH is immediately and preliminarily enjoined from implementing any sections of the CDPAP Amendment to the extent that they are inconsistent with this Amended Order.

XVI.    The headings contained in this Amended Order are for ease of reference only and are not a material part of this Amended Order.

XVII.    Notwithstanding the provisions of this Amended Order, DOH reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this Amended Order if required by intervening changes in federal or state statutes or regulations that are inconsistent with the terms herein.

UNITED STATES DISTRICT JUDGE

_____

Issued: May ____, 2025

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, MARISOL GETCHIUS,
GEETANJALI SEEPERSAUD by her Next
Friend SAVITRI SEEPERSAUD, and MARIA
JAIME on her own behalf and as Next Friend to
Y.P.S. and C.P., individually and on behalf of all
persons similarly situated; BROOKLYN
CENTER FOR INDEPENDENCE OF THE
DISABLED, and REGIONAL CENTER FOR
INDEPENDENT LIVING,

                              Plaintiffs,


                  -against-


JAMES V. MCDONALD, as Commissioner of
the New York State Department of Health,

                              Defendant.

**Case No.:** 1:25-cv-01689

**[PROPOSED] AMENDED
PRELIMINARY
INJUNCTION**

---

**WHEREAS** the Consumer Directed Personal Assistance Program ("CDPAP") is a New

York State Medicaid Program intended "to permit chronically ill and/or physically disabled

individuals [referred to as 'consumers'] receiving home care services greater flexibility and

freedom of choice in obtaining such services," N.Y. Social Services Law ("SSL") § 365-f(1); 18

New York Codes, Rules, and Regulations ("NYCRR") 505.28(a);

**WHEREAS** under CDPAP, the consumer may select and retain personal care aides

(referred to as a "personal assistant" or "PA") to assist with their home care needs;

**WHEREAS** to participate in CDPAP, each consumer is required to assume

responsibilities, including, but not limited to, recruiting, hiring, training, scheduling, and

supervising their PAs, *see* SSL § 365-f(3);

**WHEREAS** in the fulfillment of their responsibilities, the consumer works with a Fiscal

Intermediary ("FI") that performs administrative functions such as wage and benefit processing

1

for PAs, processing all income tax and other required wage withholdings, and maintaining employment records on behalf of the consumer, *see* SSL § 365-f(4-a)(a)(i)-(ii); 18 NYCRR 505.28(b)(6) and (i);

WHEREAS on April 20, 2024, the New York State Legislature passed an amendment to CDPAP's governing statute (hereinafter "the CDPAP Amendment"), SSL § 365-f to address certain financial, administrative, and compliance concerns;

WHEREAS the CDPAP Amendment required the Department to issue a Request for Proposals ("RFP") to contract with a single statewide FI to perform the FI role for CDPAP ("Statewide FI"), *see* SSL § 365-f(4-a);

WHEREAS on September 27, 2024, Public Partnerships, LLC ("PPL") was selected as the Statewide FI;

WHEREAS the CDPAP Amendment provides that "[e]xcept for the [contracted] statewide fiscal intermediary and its subcontractors, as of April first, two thousand twenty-five, no entity shall provide, directly or through contract, fiscal intermediary services," *see* SSL § ~~365-f~~ 365-f(4-a-1)(a);

WHEREAS as of March 31, 2025, there were CDPAP consumers who had not fully transitioned to PPL;

WHEREAS on or about March 24, 2025, DOH announced that Consumers and PAs would be permitted an additional 30 days to register with PPL, by April 30, 2025, such that those PAs will receive payment from PPL for all days worked in April 2025 upon registration;

WHEREAS Plaintiffs filed this action on March 26, 2025, and moved for entry of a temporary restraining order and preliminary injunction on March 27, 2025;

WHEREAS the Court granted a temporary restraining order on March 31, 2025, and entered a further Order clarifying the temporary restraining order on April 2, 2025;

WHEREAS no plaintiff class has been certified to date, Plaintiffs reserve the right to make any motion for class certification, and Defendant reserves the right to oppose any motion for class certification;

WHEREAS Plaintiffs and Defendant James V. McDonald, sued in his official capacity as Commissioner of the New York State Department of Health ("DOH" or the "Department") (together, the "Parties"), ~~desire~~ desired to resolve Plaintiffs' motion for a temporary restraining

order and preliminary injunction without further litigation and without admission that a motion for such relief is appropriately granted; and

**WHEREAS** the Parties proposed a Preliminary Injunction on April 9, 2025, which was so-ordered by the Court on April 10, 2025;

**WHEREAS** many Consumers continue to experience severe disruptions in care; and

**WHEREAS** this ~~Stipulation and~~Amended Order will allow ~~for~~ Consumers to ~~continue receiving~~receive services and PAs to ~~continue to~~ be paid while Consumers and PAs fully transition to a single Statewide FI by better utilizing the services of Facilitators.

**IT IS HEREBY AGREED AND ORDERED AS FOLLOWS**:

I. ~~I.~~     Definitions

a. "Amended Order" or "Amended Preliminary Injunction" means this Proposed Amended Preliminary Injunction submitted for the Court's approval on May 15, 2025.

b. ~~a.~~ "Fully Registered Consumer" means a consumer who has themselves or through a Designated Representative:

    i.  Completed the necessary steps for registration with PPL; and

    ii.  Signed the required memorandum of understanding with PPL.

c. ~~b.~~ "Fully Onboarded Personal Assistant" means a Personal Assistant who has completed all legal requirements to become a PPL employee, including employment eligibility verification, and has been notified that the PA is Fully Onboarded.

d. ~~c.~~ "MCO" shall have the same meaning as a Managed Care Provider pursuant to SSL § 364-j.

e. ~~d.~~ "LDSS" means Local Departments of Social Services established pursuant to Article 2 of the Social Services Law.

f. ~~e.~~ "Authorization" means the authorization for services by an MCO or LDSS pursuant to 18 NYCRR 505.28(d)(3)(i).

g. ~~f.~~    "Facilitators" means entities subcontracted with PPL to perform services on behalf of the consumer to facilitate the consumer's role as the employer pursuant to SSL § ~~365f~~365-f.

h. ~~g.~~ "Prior FI" means the FI with which the Consumer was enrolled on March 31, 2025.

i. ~~h.~~ "Expiration Date" means ~~June 6~~August 15, 2025, or any later date set by the Court.

j. ~~i.~~ "CDPAP Amendment" means Part HH of Chapter 57 of the New York Session Laws of 2024 that amended subdivision 4-a(ii-a) and added subdivision 4a-1(a) (*see* Section 3 of Part HH) to SSL § 365-f.

k. ~~j.~~ "New Consumer" means a consumer who seeks CDPAP services after March 31, 2025 or who continues CDPAP services while voluntarily changing MCOs.

~~k. "Registration Deadline" means May 15, 2025.~~

l. ~~l.~~ "Stipulation and Order" means ~~this~~the Stipulation and Proposed Preliminary Injunction submitted for the Court's approval on April 9, 2025 and so-ordered by the Court on April 10, 2025.

m. ~~m.~~ "Designated Representative" shall have the same meaning as Designated Representative pursuant to 18 NYCRR 505.28(b)(5).

n. "Underserved Consumer" shall mean any Consumer whose full Authorization was not utilized in the two weeks prior to the entry of this Amended Order.

II. ~~II.~~ Employment and Payment of PAs through Pendency of Preliminary Injunction

a. ~~a.~~ DOH shall take the following actions to ensure that the PAs working with Consumers who were receiving care as of March 31, 2025 shall continue to be timely paid, or to be paid retroactively as quickly as possible, for their services performed since March 31, 2025 and receive statutory benefits consistent with applicable labor and employment laws, as set forth in this Section, while Consumers who received care as of March 31, 2025 complete registration, and their PAs are fully onboarded, with PPL.

b. ~~b.~~ DOH shall issue sufficient instructions to PPL, MCOs, ~~and~~ LDSS, and Facilitators to ensure that they can comply with this ~~Stipulation and~~Amended Order.

c. ~~i.~~ DOH shall provide copies of such instructions to Plaintiffs' counsel and consider any feedback. Plaintiffs' counsel shall be permitted to post the instructions publicly on their website as agreed upon with DOH.

~~c. Category A: "Fully Registered Consumer, Fully Onboarded PA" Group~~

~~i. This Category covers employment and payment of PAs who are Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.~~

~~ii. PAs who are Fully Onboarded with PPL shall be employed and fully and timely paid by PPL back to the later of (a) April 1, 2025, or (b) the last date for which the PA was paid by their Prior FI.~~

~~iii. Fully Onboarded PAs in this group may submit time records to PPL via PPL's program application; via telephone call to PPL; and via paper time sheets to PPL. PPL shall not require prior approval to submit paper time sheets for any time sheets submitted on or before April 26, 2025.~~

~~d. Category B: "Fully Registered Consumer, Not Fully Onboarded PA" Group~~

~~i. This Category covers employment and payment of any PAs who are not Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.~~

~~ii. PAs who are not Fully Onboarded with PPL shall either be employed and paid by the Prior FI while they complete the onboarding process with PPL, or be directed to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section.~~

d. <u>Underserved Consumers</u>

~~iii. Consumer Election~~

~~1. At the Consumer's election, the PA will be employed and paid by the Prior FI, provided that the Requirements set forth below are satisfied.~~

~~2. The Consumer may express this election personally or through the Consumer's Designated Representative, through any reasonable means, including but not limited to, via telephone call or email to the Consumer's MCO or LDSS. MCOs and LDSS shall be instructed to accept elections submitted by these methods. DOH shall make publicly available guidance that a Consumer can reference when communicating with the MCO or LDSS regarding this election.~~

~~iv. DOH will direct any MCO or LDSS that receives an election by a Consumer or their Designated Representative under this Section, and where the Requirements below are satisfied, to make arrangements to immediately reinstate the Consumer's Authorization with the Prior FI.~~

~~v. Requirements: A Consumer or their Designated Representative may request that any PA who is not yet fully onboarded receive payment from the Prior FI, provided that:~~

1. The Consumer's MCO or LDSS is capable of updating the Consumer's authorization to the Prior FI in sufficient time for the worker to be paid within seven (7) days;

2. The Prior FI exists, is operational, has no other legal impediments to employing or paying PAs, made timely payments through March 31, 2025, and agrees to employ and make timely payments to the PA until such time as the PA becomes a Fully Onboarded PA;

3. The Prior FI agrees to an economic arrangement with the applicable MCO or LDSS that is not significantly different from the arrangement that existed immediately prior to April 1, 2025, including without limitation the payment for such services; and

4. The Prior FI agrees not to make misrepresentations to any Consumer or PA regarding the CDPAP Transition.

vi. If any of the above Requirements are not met, then the Consumer and the Consumer's PAs will be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section.

e. Category C: "Not Fully Registered Consumers" Group

i. This Category covers employment and payment of all PAs whose Consumers are *not* Fully Registered with PPL.

ii. PAs whose Consumers are not Fully Registered with PPL shall either be employed and paid by the Prior FI or shall be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra,* as set forth in this Section.

iii. Consumer Election:

1. At the Consumer's election, the PA will be paid by the Prior FI provided that the Requirements set forth in Section II.d.v are satisfied.

2. DOH shall direct MCOs and LDSS to contact all Consumers who are not Fully Registered with PPL by direct contact to the Consumer through the Consumer's preferred means within five days from the date that the Court enters this Order. By the next business day after the five day period, DOH will update Plaintiffs' Counsel on the status of this outreach.

3. In addition to this outreach, the Consumer may express this election personally or through the Consumer's Designated Representative, through other means, including via telephone call or email to the Consumer's MCO or LDSS. MCOs and LDSS

shall be instructed to accept elections submitted by these methods. DOH shall make publicly available guidance that a Consumer can reference when communicating with the MCO or LDSS regarding this election.

iv. DOH will direct any MCO or LDSS that receives an election by a Consumer under this Section, and where the Requirements set forth in Section II.d.v are satisfied, to make arrangements to immediately reinstate the Consumer's Authorization with the Prior FI.

v. A Consumer or their Designated Representative may request that any PA who is not yet fully onboarded receive payment from the Prior FI, provided that the Requirements set forth in Section II.d.v are satisfied.

vi. If any of the Requirements set forth in Section II.d.v are not met, then the Consumer and the Consumer's PAs will be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section. All Consumers in Category C should become Fully Registered Consumers with PPL as soon as possible but in no event later than the Registration Deadline to allow their PAs to be Fully Onboarded PAs by the Expiration Date.

f. Moving from Category B or C to Category A

    i. DOH shall identify every Underserved Consumer within 5 business days of the entry of this Amended Preliminary Injunction.

    ii. DOH will assign each Underserved Consumer to a Facilitator. The assignment to a Facilitator shall take into consideration each Underserved Consumer's area of residence and Facilitators' physical locations. Any Consumer who wishes to change their assigned Facilitator may do so by contacting the DOH Transition Hotline or their MCO or LDSS.

    iii. DOH shall direct each Facilitator to contact all of its Underserved Consumers as soon as possible to determine what issues have prevented the utilization of their full authorizations and to begin addressing those issues.

    iv. DOH shall require that each Facilitator provide to DOH a list of Consumers that have not been reached within two weeks of their assignment to that Facilitator, and within one week of receiving this list, DOH shall develop a plan with the Facilitators, MCOs and LDSS to reach any such Consumers.

v.  DOH shall ensure that Facilitators, on behalf of PPL, can:

1.  Access PPL systems in order to complete registration and onboarding of both Consumers and PAs;

2.  View and edit real-time information on Consumer registration and PA onboarding, including specific information regarding any missing or improperly recorded documentation;

3.  Review PA paperwork and documentation and complete all employment verifications on behalf of PPL;

4.  Create and follow-up on "work tickets" in PPL's system;

5.  View Consumers' authorizations for services, communicate with MCOs and LDSS regarding missing or incomplete authorizations, and contact Consumers to discuss any discrepancies between services authorized and services utilized;

6.  View and verify PA time logged on the PA's profile as well as information regarding whether (a) a PA's shift was denied (and if so, why);  (b) PPL has edited a PA's time entry (and if so, why); and (c) paper timesheets were received for a PA.

7.  View and verify payroll information for each PA of every assigned Consumer, including the date and method of payment and the number of hours worked accounted for in a paycheck.

8.  Assist Consumers and PAs with manual entry of time, accept paper timesheets and enter information from those paper timesheets into PPL's system, and assist with Consumer approval of time entered as needed;

9.  Escalate payment issues to PPL for resolution within 24 hours; and

10. Provide trainings to Consumers and PAs regarding PPL's time-keeping systems.

vi.  DOH shall ensure that PPL provides each Facilitator with:

1.  A specific point of contact at PPL with a designated phone number and email address to resolve issues identified by that Facilitator that cannot be entirely resolved by the Facilitator;

2.  Training materials regarding use of PPL's time-keeping systems; and

3. Materials sufficient to explain:

    (a) PPL's employment policies and employee benefits;

    (b) the process by which Consumers can terminate employment of a PA;

    (c) the process by which PAs can resign from employment; and

    (d) how the designations of "terminated" or "resigned" should be captured in PPL's system.

vii. DOH shall provide materials to the Office of Mental Health and the Office for People With Developmental Disabilities for those agencies to distribute to their constituents explaining the transition to a single statewide fiscal intermediary and containing contact information for the DOH CDPAP Transition Hotline, PPL, and the Facilitators.

e. Paper Timesheets

i. DOH shall instruct PPL that it must accept paper timesheets from any PA, without the Consumer or PA requesting an individual exception, until the Expiration Date.

f. Consumers and PAs Utilizing Services of Prior FIs

i. Any Consumer being served by a Prior FI who is not Fully Registered with PPL by June 6, or whose PAs have not been Fully Onboarded to PPL by June 6 pursuant to Sections II.d.iii-v or II.e.v of the Preliminary Injunction, may continue to be served by their Prior FI until the Expiration Date.

ii. DOH, the MCOs, the LDSS, and PPL shall not take any steps to transition these Consumers and PAs to PPL until June 30, 2025, unless the Consumer affirmatively seeks registration with PPL.

iii. Beginning on June 30, 2025, these Consumers and PAs shall be assigned to Facilitators who will assist them in fully registering and onboarding with PPL.

iv. After June 6, 2025, no additional Consumers can have their authorizations for care returned to a Prior FI.

g. Notification of Employment by PPL

i. ~~i.~~ DOH will direct PPL that, at the point when any PA who was previously not Fully Onboarded with PPL becomes Fully Onboarded with PPL, PPL must:

1. Inform the Consumer, the Consumer's Designated Representative, if any, and the PA via email and phone that the PA is employed and will be paid by PPL, and the date when payment ~~begins~~will begin;

2. Provide the PA, the Consumer's Designated Representative, if any, and Consumer with instructions for submitting and approving time; and

3. Fully and timely pay the PA back to the later of (a) April 1, 2025, or (b) the last date for which the PA was paid by the Prior FI, whichever date is the more recent, consistent with applicable law.

III. ~~g.~~ Expedited ~~Authorization:~~Authorizations

a. ~~i.~~ For any Consumer who is Fully Registered with PPL but whose Authorization has not been transferred to PPL, DOH will continue to prioritize the transfer of those Authorizations.

b. ~~h.~~Expedited PPL Onboarding Mechanism:

i. ~~i.~~ DOH will ~~put in place~~continue to utilize a process for urgent onboarding of PAs who are not Fully Onboarded with PPL. (~~*See* Sections II.d.ii and II.e.ii above.)~~ This process will include:

1. Assignment of each Consumer to a Facilitator;

2. ~~1.~~Intensive and direct outreach by DOH;

3. ~~2.~~Expansion of DOH's dedicated CDPAP transition team;

4. ~~3. Establishment~~Continued staffing of a dedicated DOH ~~phone line, which shall be made~~ CDPAP Transition phone line (at 1-833-947-8666) and email address (statewidefi@health.ny.gov) which shall remain publicly available;

5. ~~4.~~Provision of real-time access to PPL's technology systems ~~by~~for MCOs and Facilitators;

6. ~~5.~~Consumer in-home visits by Facilitators and/or MCOs;

7. ~~6.~~Availability of in-person community office visits; and

8. ~~7.~~PPL staff to be placed in in-person community offices.

c. Registration and Onboarding of Consumers and PAs who receive services through LDSS:

~~i. Prioritization:~~

> ~~i. DOH shall, and shall direct MCOs, LDSS, and PPL to prioritize their resources to address the Consumers and PAs in Category A first, then Category B, then Category C.~~
>
> > ~~ii. Within each Category, DOH shall, and shall direct MCOs, LDSS, and PPL to prioritize Consumers with highest acuity and their PAs.~~
>
> i. ~~iii.~~ DOH shall establish and ~~shall~~ direct PPL to establish a dedicated registration and onboarding process for Consumers who are not Fully Registered, and/or Consumers whose PAs are not Fully Onboarded, who receive services through LDSS.

IV. ~~j.~~ Nothing in this ~~Stipulation and~~Amended Order applies to New Consumers.

V. ~~k.~~ This ~~Stipulation and~~Amended Order does not prevent DOH or PPL from continuing to transition Consumers and their PAs to PPL, except as set forth in Section II(f).

VI. ~~III.~~ This ~~Stipulation and~~Amended Order vacates and supersedes the ~~March 31~~April 10, 2025 ~~TRO as amended by the Court's April 2, 2025 Order~~Preliminary Injunction.

VII. ~~IV.~~ Timeline

  a. Defendant's time to answer, move, or otherwise respond to the Corrected Class Action Complaint, ECF No. 32, is hereby extended to the Expiration Date or any date further ordered by the Court.

  b. Nothing in this ~~Stipulation and~~Amended Order limits Plaintiffs' rights to seek an extension of the Expiration Date.

  c. DOH will not oppose any request for a reasonable extension of the Expiration Date that is based on PPL's administrative capacity to timely register Consumers who wish to become Fully Registered Consumers and onboard PAs who wish to become Fully Onboarded PAs.

  d. This ~~Stipulation and~~Amended Order shall remain in effect until the later of the Expiration Date or any date further ordered by the Court.

VIII. ~~V.~~ Reservation of Rights

  a. ~~a.~~ Nothing in this ~~Stipulation and~~Amended Order waives or compromises the rights of any Consumer under the Medicaid Act or other provision of law, including but not limited to, Consumers' rights to notice, an opportunity to be heard, and

aid-continuing before any reduction, suspension or termination of services, as set forth in Plaintiffs' Corrected Class Action Complaint.

b. Nothing in this ~~Stipulation and~~Amended Order compromises or waives any Party's claims or defenses as to the merits of this Action.

c. Nothing in this ~~Stipulation and~~Amended Order diminishes the rights of PAs under federal or state labor or employment laws.

IX. ~~VI.~~ Continued Communication Between the Parties During the Pendency of this ~~Stipulation and~~Amended Order

a. With consent of the Consumer, Plaintiffs' counsel may provide DOH with the appropriate personal identifying information of any Consumer not Fully Registered with PPL or whose PAs are not Fully Onboarded with PPL. DOH will use, and will instruct PPL to use, best efforts to address the situation expeditiously and update Plaintiffs' counsel.

b. Plaintiffs' counsel may provide DOH with a description of ongoing technical, practical and logistical problems with respect to PPL, and DOH shall direct PPL to address those problems where appropriate.

c. DOH will provide Plaintiffs' counsel with weekly data ~~to be negotiated.~~, subject to the Confidentiality Agreement and Protective Order so-ordered by the Court on May 5, 2025, *see* ECF No. 75. At a minimum, this data shall include:

    i. Underserved Consumers by county, insurance type (MCO or LDSS), and acuity tier;

    ii. The number of Consumers who are Fully Registered with PPL;

        A. Of those Consumers Fully Registered with PPL, the number that have no PA associated with their PPL profile;

        B. Of those Consumers Fully Registered with PPL, the number that have had no PA log time in PPL's systems during the prior week;

        C. Of those Consumers Fully Registered with PPL, the number whose authorization for services was not fully utilized during the prior week;

    i. The number of Consumers who have started but not completed registration with PPL;

    ii. The number of Consumers who have not started registration with PPL;

    iii. The number of PAs who are Fully Onboarded with PPL;

12

      iv.   The number of PAs who have started but not completed onboarding with PPL; and

      v.   The number of Consumers who are receiving services from a Prior FI.

   d.   DOH will meet with Plaintiffs' counsel weekly.

   e. The Parties agree to enter into a confidentiality agreement or order to cover the exchange of information pursuant to this Section, to be negotiated at a later date.

**X.**    Reporting

   a.   On the first and third Monday of each month, starting on June 2, 2025 and ending on the Monday following the Expiration Date, DOH shall file publicly a report to the Court containing, at a minimum: (1) the number of Consumers who have left the CDPAP program since January 1, 2025; (2) the number of Fully Registered Consumers; (3) the number of Fully Onboarded PAs; (4) the number of PAs who have started but not completed the onboarding process; and (5) the number of PAs that were paid by PPL in the preceding pay period.

**XI.** ~~VII.~~ Neither Plaintiffs nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status by virtue of this ~~Stipulation and~~Amended Order.

**XII.** ~~VIII.~~ Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this Action whatsoever. Any actions taken pursuant to this ~~Stipulation and~~Amended Order are made solely to avoid the burdens and expenses associated with the Motion for Preliminary Injunction, and this ~~Stipulation and~~Amended Order and the actions taken pursuant hereto are not to be deemed an admission by Defendant of liability or wrongdoing or that Defendant has violated any of Plaintiffs' rights as contained in the statutes, regulations, Constitutions or other applicable law of the United States or the State of New York, and will not independently give rise to a claim against Defendant or the State of New York.

**XIII.** ~~IX.~~ This ~~Stipulation and~~Amended Order shall not in any manner be construed as determinative of the issues or claims raised in this Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this ~~Stipulation and~~Amended Order shall not bind or collaterally estop Defendant or the State of New York (including, but not limited to, any and all present and

former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

XIV. ~~X.~~ The Parties can amend this ~~Stipulation and~~Amended Order in writing, subject to approval by the Court.

XV. ~~XI.~~ DOH is immediately and preliminarily enjoined from implementing any sections of the CDPAP Amendment to the extent that they are inconsistent with this ~~Stipulation and~~Amended Order.

XVI. ~~XII.~~ The headings contained in this ~~Stipulation and~~Amended Order are for ease of reference only and are not a material part of this ~~Stipulation and~~Amended Order.

XVII. ~~XIII.~~ Notwithstanding the provisions of this ~~Stipulation and~~Amended Order, DOH reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this ~~Stipulation and~~Amended Order if required by intervening changes in federal or state statutes or regulations that are inconsistent with the terms herein.

UNITED STATES DISTRICT JUDGE ~~/S/ Frederic Block~~

Issued: ~~April~~May _____, 2025
~~10~~

14