

www.pbwt.com

May 20, 2025

Lisa E. Cleary
Partner
(212) 336-2159
(212) 336-2366 Direct Fax
lecleary@pbwt.com

**VIA ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    *Engesser et al. v. McDonald*,
                 Civil Action No. 25-cv-01689 (FB) (LKE)

Dear Judge Block:

      We represent Plaintiffs in the above-captioned matter and respectfully write in response to Defendant's May 19, 2025 letter, ECF No. 82 (the "May 19 Letter").

      Faced with the approaching termination of the preliminary injunction, ECF No. 62 (the "PI"), Defendant declares victory and seeks to "wrap[] up the transition."[1] May 19 Letter at 3. Defendant trumpets the number of Consumers[2] enrolled with PPL and the number of PAs to which PPL has issued paychecks—numbers Defendant has made public. But Defendant's portrayal neglects the overwhelmingly large numbers of Consumers whose PAs are still not being paid by PPL, more than a month and a half after April 1—numbers Defendant has not publicized[3] (and that Defendant insists Plaintiff's counsel not disclose).[4]

      Defendant acknowledges the remaining Consumers in Category C—Consumers who are not yet Fully Registered with PPL—but doubles down on a failed strategy, pointing to the

---

[1] Pursuant to the Court's May 15, 2025 order, ECF No. 79, the parties met and conferred by video conference at 8:30 AM on May 20, 2025. Because Defendant had not made any decisions with respect to Plaintiffs' proposed stipulation, the parties were not able to reach a resolution.

[2] Where not otherwise defined herein, capitalized terms have the meanings given in the PI.

[3] Indeed, Defendant also withheld these numbers from its latest press release, which similarly brags: "[W]e have successfully ensured that hundreds of thousands of New Yorkers who rely on home care continue to receive these essential services." Ex. A, https://www.health.ny.gov/press_releases/2025/2025-05-19_cdpap_update.htm.

[4] Plaintiffs refer the Court to their sealed May 15, 2024 letter, ECF No. 76 ("May 15 Letter"), for the numbers.

15722375
Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222
15732464

number of "individual outreach attempts" to this group. *Id*. at 2. Defendant provides no reason to think that such "attempts" as they have been proceeding so far will result in successful enrollment by June 6. This group of Consumers is isolated and difficult to reach and may have special vulnerabilities. Unless they have been able to be served by their Prior FI (and in most cases they have not), the PAs for Consumers in this group have not been paid since April 1. If the PI is not extended, any work their PAs have performed over the past seven weeks may ***never*** be compensated, and any Consumer in this group currently being served by their Prior FI will no longer be able to do so after June 6. Defendant's only answer is the hope that "a clear and simple deadline" may successfully pressure Consumers in this category to transition—as if all Consumers in this category are aware of the deadline and simply willfully refuse to enroll.

By contrast, Defendant completely ignores the large category of Consumers in Category B—Consumers who themselves are Fully Registered with PPL, but who have one or more PAs who are not Fully Onboarded with PPL. These PAs, too, have mostly not been paid since April 1, and those which have been paid have been paid by the Consumer's Prior FI, not PPL. Defendant does not even attempt to argue that these Consumers are being adequately served by the status quo and provides no basis to think that the remaining PAs will all become Fully Onboarded by June 6. If they do not, and the PI is not extended, any PAs currently being paid by a Prior FI will no longer be paid by the Prior FI, and any work performed after April 1 by the PAs who are not Fully Onboarded by June 6 (and who are not among the fraction being paid by a Prior FI) may never be compensated.

Contra Defendant, the remaining Consumers in Category B and Category C are not a "relatively small number." *Id*. at 3; *see* May 15 Letter at 2 (providing the numbers). Further, as noted in Plaintiffs' earlier letter, even many Consumers in Category A—Consumers who are themselves Fully Registered with PPL and whose PAs are Fully Onboarded—have suffered from a loss or reduction of services because their PAs continue to have trouble submitting time or being paid for all the work performed. May 15 Letter at 2. The irreparable harm for Consumers in those categories from losing their services for seven weeks and counting (notwithstanding this Court's orders and Defendant's assurances) is clear.

Plaintiffs have also established a likelihood of success on the merits. Defendant does not dispute that DOH has failed to satisfy the notice and fair hearing requirements for termination of Medicaid benefits. Defendant instead argues that these requirements are inapplicable, because the CDPAP Amendment "merely changes a procedural mechanism" without affecting eligibility, and/or because the amendment is "a Federal or State law requiring an automatic change." May 19 Letter at 3. Plaintiffs, of course, do not challenge the CDPAP Amendment itself, which (as Defendant states) did not automatically terminate anyone's benefits. Instead, Plaintiffs challenge Defendant's utterly botched transition plan, under which large numbers of Consumers have lost (and continue not to have) services notwithstanding their continued eligibility for them under New York law. The Medicaid Act does not permit such termination of services without a fair hearing and a right to aid-continuing. *See* 42 CFR § 431.220(a); *Granato v. Bane*, 74 F.3d 406, 408-09 (2d Cir. 1996) (describing Medicaid fair hearing and notice requirements). Likewise, courts have recognized that the receipt of Medicaid benefits constitutes a protectable property

interest subject to due process protection. *See, e.g.*, *Guadagna v. Zucker*, No. CV173397SJFAKT, 2021 WL 11645538, at *18 (E.D.N.Y. Mar. 19, 2021) ("As Medicaid enrollees, the Plaintiffs unquestionably possessed a property right in continued receipt of their health benefits."). Defendant's reliance on *Davis v. Shah* is misplaced; there the Second Circuit held that Medicaid beneficiaries must be mailed individualized notice (albeit without fair hearing rights) even when a benefit is eliminated from the State's Medicaid coverage. 821 F.3d 231, 253 (2d Cir. 2016). Here, the CDPAP Amendment did not end CDPAP coverage, and should not have resulted in a loss of CDPAP services. Consumers do have fair hearing rights precisely because their losses of care involve factual disputes regarding the Consumer's knowledge of the program change and attempts to enroll with PPL.

Finally, Defendant takes issue with Plaintiffs' proposed modified preliminary injunction because it purportedly "would unnecessarily prolong matters and amounts to micromanagement of the transition." May 19 Letter at 3. Defendant is wrong. It is not Plaintiffs' proposal but the incompleteness of the transition that is prolonging matters. Plaintiffs' proposal to enable facilitators **handpicked by DOH and PPL** to more robustly assist outreach to and enrollment of Consumers amd PAs is hardly micromanagement. Defendant provides no reason to embrace Defendant's fatalistic assertion that assignment of the remaining undeserved Consumers to dedicated facilitators would make no difference over prior outreach attempts. Defendant further complains that information-sharing with Plaintiffs' counsel is a distraction from the transition, but the data Plaintiffs identified for sharing (May 15 Letter, Ex. A, § IX(c)) is information bearing directly on the transition's success that Defendant should be collecting anyway.

Plaintiffs object to Defendant's request to submit updated data on the motion submission date, which prevents Plaintiffs from being able to review and analyze the data in advance, or respond to it thereafter. Like any other party, Defendant is entitled to include such data in Defendant's opposition brief.

Given Defendant's position, Plaintiffs anticipate filing a letter seeking a pre-motion conference on motions for class certification and for summary judgment on Defendant's obligations to provide notice, an opportunity for a fair hearing, and aid-continuing. If the Court wishes, Plaintiffs' counsel will be prepared to discuss these motions as well this afternoon.

Respectfully yours,

Lisa E. Cleary

cc (by email or ECF)

Caitlin Ross
Emma Brill
Rachel Summer, DOH
Samantha Buchalter, DOH

15732464

Elizabeth Jois, NYLAG
Julia Russell, NYLAG