

Office of the New York State
Attorney General

Letitia James
Attorney General

May 28, 2025

**By ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

  Re: *Engesser v. McDonald*
     E.D.N.Y., Court No. 25-cv-01689 (FB) (LKE)

Dear Judge Block:

Defendant writes in response to Plaintiffs' May 27, 2025 letter ("5/27/2025 Letter"), ECF Doc. 87, and in support of the Court's May 27, 2025 Scheduling Order. The Court's May 27, 2025 Scheduling Order only ordered the parties' agreed upon briefing schedule for Plaintiffs' anticipated motion to amend and extend the Preliminary Injunction ("Plaintiffs' PI Motion"), see ECF Doc. 77. Defendant agrees with the Court that only Plaintiffs' PI Motion should be briefed at this time for the reasons stated below.

To the extent that Plaintiffs seek to relitigate their request for an additional briefing schedule for class certification and summary judgment, which was proposed in their 5/27/2025 Letter and rejected by the Court, Defendant strenuously objects. This request is counter to the Court's May 27, 2025 Scheduling Order and the agreed upon understanding after the May 20, 2025 conference. Indeed, at the May 20, 2025 conference, the Court exclusively discussed Plaintiffs' PI Motion and directed the parties to work together to try to come to a resolution of that anticipated motion only. See 5/20/2025 Tr. at 20:24-21:9 (directing the parties to try to come to an agreement or, if no agreement is reached, to submit papers on the PI). Significantly, Plaintiffs explicitly stated at the conference that they are asking to file papers on the PI. 5/20/2025 Tr. at 21:13-16 ("Your Honor, we are happy to have that extension and have more time to talk, but we would also like to submit our brief because if those talks aren't fruitful, we will be back coming up on a deadline."). It is clear that at the conference all parties understood the Court's direction to relate only to Plaintiffs' PI Motion—the only motion for which a pre-motion letter was filed, which is properly before the Court, and for which a briefing schedule can be set is Plaintiffs' PI Motion. Immediately after the appearance, Plaintiffs proposed, and Defendant agreed to, a briefing schedule for that motion, and Plaintiffs did not mention any other anticipated motion or briefing schedule. Immediately following the conference and at the Court's direction, see 5/20/2025 Tr. at 26:24-27:3, the parties met to discuss potential resolution of Plaintiffs' PI Motion and DOH made a partial proposal with respect thereto, which the parties are discussing.

Inexplicably, Plaintiffs are now also attempting to move forward with briefing a separate motion for class certification and summary judgment, ignoring Your Honor's Rules requiring a pre-motion letter and permitting a response to be filed within seven days. Certainly, Plaintiffs' unauthorized "reply" letter on May 20, 2025, filed a few hours before the pre-motion conference for Plaintiffs' PI Motion, ECF Doc. 83, fails to satisfy that requirement. See also ECF Doc. 79 (granting Defendant's request to respond to Plaintiff's pre-motion letter). That "reply" was facially made in support of Plaintiffs' PI Motion and only mentioned in the last paragraph that Plaintiffs intended to file a separate pre-motion letter for class certification and summary judgment. Id. at 3. That brief reference, made in an unauthorized filing to which Defendant could not respond, is not sufficient to constitute a pre-motion letter. In addition, Plaintiffs did not reference those motions at the May 20, 2025 conference. If Plaintiffs had raised them, then Defendant would have objected thereto and asked the Court to strike the unauthorized reply.

Indeed, this latest effort is Plaintiffs' second attempt to file a motion for class certification without first filing a pre-motion letter. ECF Doc. 19. That motion was denied by the Court for failure to file a pre-motion letter or hold a pre-motion conference in accordance with Your Honor's rules. March 27, 2025 Minute Entry ("PRIOR TO THE FILING OF ANY SUBSTANTIVE MOTION, JUDGE BLOCK REQUIRES A PRE-MOTION CONFERENCE."). As a matter of fundamental fairness, Defendant must be offered an opportunity to file a response once Plaintiffs properly file a pre-motion letter seeking class certification or summary judgment. Since no such letter has been filed in accordance with Your Honor's Rules, Defendant has been denied such opportunity.

As the Court has acknowledged, DOH has been working diligently to comply with the PI, address the concerns of the individual Consumers that Plaintiffs send DOH daily, and oversee the transition to PPL that was directed by the Legislature. In doing so, DOH has been forthcoming with Plaintiffs and has been acting in good faith. Plaintiffs' premature proposed class certification and summary judgment briefing schedule hinders DOH's ability to continue its focus on carrying out the Legislative intent to transition CDPAP administrative services to PPL.

As such, Defendant strenuously objects to setting any briefing schedule for any anticipated motion other than Plaintiffs' PI Motion.

In the event that the Court allows Plaintiffs to proceed with setting a briefing schedule for any motion other than Plaintiffs' PI Motion, Defendant will also file a pre-motion letter in anticipation of a motion to dismiss this action in its entirety. See PI § IV(a) (staying Defendant's time to answer, move, or otherwise respond). In that case, Defendant respectfully posits that in the interest of judicial economy, it is proper for the parties to brief, and the Court to address, a motion to dismiss before a motion for class certification and summary judgment. See Toussie v. Allstate Ins. Co., 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (Block, J.) (denying a motion for summary judgment because "granting summary judgment to plaintiff at this stage of the litigation would preclude [defendant] from answering and raising affirmative defenses"); Dupres v. Houslanger & Assocs. PLLC, No. 19-CV-6691, 2020 WL 13158662, at *2 (E.D.N.Y. July 23, 2020) (denying a motion for class certification before defendant filed an answer).

Defendant appreciates Your Honor's guidance in and attention to this matter.

Sincerely,

/s/ Rachel Summer
RACHEL SUMMER
Assistant Attorney General
212-416-8663
Rachel.Summer@ag.ny.gov