# Exhibit 2

# NOTICE OF CLASS ACTION SETTLEMENT

Engesser, et al. v. McDonald, No. 25 Civ. 01689
United States District Court for the Eastern District of New York

**Why am I getting this notice?**

- You received Consumer Directed Personal Assistance Program (CDPAP) services in March of 2025. and

    (1) You have not switched to PPL, the Statewide Fiscal Intermediary, OR

    (2) You switched to PPL, but you did not use your CDPAP services during June 2025, OR

    (3) Your workers were paid by a Fiscal Intermediary <u>other</u> than PPL after April 1, 2025.

- That means you are a part of a class action lawsuit filed against the New York State Department of Health (DOH) in March 2025.

- You are NOT part of this class if you switched from CDPAP to personal care services.

---

**It's not too late to register with PPL! You can get help by contacting:**

- PPL's support center at 1-833-247-5346 or TTY: 1-833-204-9042.
- Your Health Plan or Local County Social Services Office
- The Independent Consumer Advocacy Network (ICAN) at 1-844-614-8800 (TTY Relay Service: 711) or [ican@cssny.org](mailto:ican@cssny.org).
- The Department of Health CDPAP Support Center at 1-833-947-8666 or [StatewideFI@health.ny.gov](mailto:StatewideFI@health.ny.gov).

---

**What is this class action lawsuit about?**

This lawsuit was brought on behalf of CDPAP consumers in New York State. Six CDPAP Consumers and two Independent Living Centers filed the lawsuit in March 2025. They argued that the Department of Health DOH failed to give adequate notice and an opportunity for a fair hearing to CDPAP consumers who could not transition to PPL before April 1, 2025.

**Background:**

- In 2024, New York State amended a law and changed how workers are paid in the CDPAP program. This law said that the DOH had to contract with one company as a "Statewide Fiscal Intermediary." That company would be the only fiscal intermediary allowed to pay workers to provide CDPAP services after April 1, 2025.

- DOH chose Public Partnerships LLC (PPL) as the Statewide Fiscal Intermediary. DOH also set March 28, 2025 as the deadline for all CDPAP Consumers to register themselves and their workers with PPL, based on the requirements in the law.

- The Plaintiffs in this case argued that CDPAP Consumers were harmed because they would lose their CDPAP services without an official notice or a Fair Hearing if they were unable to register themselves or their workers with PPL by April 1st.

- In early April 2025, the Plaintiffs and DOH agreed that the Court should give CDPAP Consumers and their workers more time to register with PPL.

**What is this notice about?**

<u>This notice tells you that the parties in this lawsuit have proposed a settlement. The notice also explains how the settlement would affect you.</u>

- This is a class action lawsuit, which means that the case was brought on behalf of a "class" or group of people. You are a member of that group.

- The lawyers for both sides believe that the proposed Settlement Agreement is fair for all class members.

- The Court must approve the Settlement Agreement.

- This notice will tell you about the terms of the Settlement Agreement.

- If you do not think the Settlement Agreement is fair, you can tell the judge what you think by objecting to the settlement. This notice explains how you can object.

**What is in the settlement?**

Under the terms of the Settlement, DOH will do the following things:

1) DOH will direct Managed Care Organizations (MCOs) and Local Districts of Social Services (LDSS) to send a letter to all CDPAP Consumers who have registered with PPL. This letter will give CDPAP consumers information about how to get help if they are having problems using their CDPAP services.

    - This letter will provide contact information for PPL and the DOH CDPAP Transition phone number.

    - The letter will tell you how you might be able to use a Facilitator to manage your CDPAP services. The letter will include a list of Facilitators and instructions about how to choose one, including a form you can fill in.

    - You may already have received this letter. Because the parties wanted to get this information to Consumers quickly, DOH asked the MCOs and LDSS to send the letter as soon as possible.

2) DOH will direct MCOs to make more efforts to contact anyone enrolled in Managed Long Term Care (MLTC) who was authorized for CDPAP but did not use their CDPAP services in June 2025.
    - MCOs will send a letter to these Consumers providing contact information for all of the agencies that can help people get back to their CDPAP services or switch to a different type of long-term care service.

    - MLTC Plans will make at least one home visit to each MLTC enrolleewho did not use their CDPAP services in June 2025. If no one answers the door, the MLTC Plan will make at least one more home visit.

    - MLTC Plans will call any Authorized Representatives listed with the Plan.

    - MLTC Plans will make at least eight other outreach efforts, such as letters, emails, phone calls, or additional home visits.

- You may already have received this letter from your MCO and some of the contacts from your MLTC described above. Because we wanted to get help to Consumers quickly, DOH agreed to start this process as quickly as possible.

3) DOH will require everyone who has not yet registered with PPL to complete their registration by **August 1, 2025**. <u>This deadline will not be extended any further.</u>

4) Any Consumer who does not register with PPL and start receiving CDPAP services by August 1, 2025 will receive a notice that explains how to ask for help and how to request a Fair Hearing.

    - For some Consumers, this notice will state that their approval for CDPAP services will terminate because they or their workers have not registered with PPL, which is now the only way for CDPAP workers to be paid, or their workers have not reported any time worked to PPL.

    - For other Consumers, this notice will state that they will be disenrolled from their Managed Long Term Care Plan because they did not use any long-term care services in June.

5) DOH will contact anyone who requests a Fair Hearing after receiving these notices. DOH will offer to help the Consumer register with PPL, get their workers registered with PPL, teach their workers how to record time with PPL, or switch to a different kind of long-term care service.

6) DOH will issue guidance that will help managed care organizations, local districts of social services, and PPL understand the CDPAP rules. This should help you receive services without interruption.

7) DOH will also make sure that Facilitators can help Consumers register and use PPL systems. Facilitators will have the same access to PPL systems as PPL customer service representatives. Facilitators will be able to flag problems in PPL records, and receive updates when those problems are fixed.

**What is NOT in the settlement?**

- This case did not ask for money damages. Class members will NOT get money damages as a result of this settlement.

- This case did not challenge the New York State law that says that there can only be one Fiscal Intermediary in New York.

- This case did not challenge the choice of PPL as the single statewide Fiscal Intermediary. This settlement will not change the fact that PPL is the only company that can pay your workers to provide CDPAP services.

- DOH has denied that they acted improperly in any way, and the Court has not made any decision about whether DOH did anything wrong. Nothing in this settlement will say that DOH violated the law.

**Attorneys' fees**

- DOH will pay an agreed-upon amount to the lawyers for the Plaintiffs' class for the time and money they spent bringing this case.

**Releases**

- If the Court approves the Settlement, DOH will be released from any further liability for loss of services without notice and an opportunity for a fair hearing during the transition to PPL.
- This means that you may not be able to sue DOH for a reduction or termination of CDPAP services that resulted from your inability to register yourself and your workers with PPL.

**How can I learn more?**

This is just a short summary of the Settlement.

The Settlement Agreement, which details all of the terms of the Settlement, is on the websites of the New York Legal Assistance Group [insert link] and the DOH [insert link].

To get a copy of the Settlement Agreement, or if you have any questions, you may call, email, or mail the New York Legal Assistance Group. Here is the contact information:

- Phone: 212-946-0359
- Email: cdpaplawsuit@nylag.org
- Mail: CDPAP Team, New York Legal Assistance Group
  100 Pearl Street, Floor 19,
  New York, NY 10004

**<u>You have a Right to Comment on or Object to the Terms of the Settlement.</u>**

**<u>Before the Settlement can be approved, the Court will hold a "Fairness Hearing" to listen to any objections that may be made.</u>**

**Do I have to do anything if I agree with the settlement?**

No. If you agree with the Settlement, you do not need to do anything. If the Court approves the Settlement, the things described above will happen. You will also be bound by the settlement.

**How can I object to the settlement?**

Only members of the class are allowed to object. You can object to or comment on the Settlement in three ways:

1. You can email or mail a written statement with your objections or comments on the Settlement to the New York Legal Assistance Group, lawyers for the Plaintiffs.

   - Write "**Engesser Settlement**" in the email subject or at the top of the paper.
   - You should include your name, address, telephone number, and a full explanation of all the reasons that you object to the Settlement.
   - You can email your objection to cdpaplawsuit@nylag.org.
   - You can mail your objection. It must be postmarked by [DATE].
     Mail to:   CDPAP Team
     New York Legal Assistance Group
     100 Pearl Street, Floor 19
     New York, NY 10004

Engesser Class Action Settlement Notice – page 6

2. You can mail a written statement containing your objections or comments on the Settlement to the Court.

    - Write "**Engesser Settlement**" at the top of the paper.
    - You should include your name, address, telephone number, signature, and a full explanation of all the reasons that you object to the Settlement.
    - Your letter must be postmarked by **[DATE]** and mailed to:
        **Clerk of the Court**
        **United States District Court, EDNY**
        **225 Cadman Plaza East**
        **Brooklyn, New York 11201**

3. You can attend the Fairness Hearing and tell the Judge about your objection(s).
    - The Fairness Hearing will be held by Zoom on ____date, at ____ time.
    - You can register to speak by [insert instruction], or [some way for people to go somewhere in person].
    - You are not required to attend the Fairness Hearing if you do not wish to comment or if you have filed an objection or comment in writing.
    - If you are going to have a lawyer explain your objections for you, the lawyer must submit them first in writing to NYLAG or the Court.

> **If you have questions, you can call or email the**
> **New York Legal Assistance Group at**
> **212-946-0359 or cdpaplawsuit@nylag.org.**