UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. and C.P., individually and on behalf of all persons similarly situated; BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,

          Plaintiffs,

    -against-

JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,

          Defendant.

**Case No.:** 1:25-cv-01689

**ORDER CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, PRELIMINARILY APPROVING SETTLEMENT, APPROVING CLASS NOTICE, AND SCHEDULING FAIRNESS HEARING**

---

FREDERIC BLOCK, United States District Judge:

This matter comes before the Court on the unopposed motion of Liza Engesser, Marisol Getchius, Geetanjali Seepersaud by her Next Friend Savitri Seepersaud, and Maria Jaime on her own behalf and as Next Friend to Y.P.S. and C.P. ("Named Plaintiffs"), individually and on behalf of all persons similarly situated ("Class Members," and collectively, the "Class"), Brooklyn Center for Independence of the Disabled, and Regional Center for Independent Living (together with Named Plaintiffs, "Plaintiffs"), for preliminary approval of the Stipulation of Settlement, General Release, and Order of Dismissal, dated July 4, 2025, and filed herewith ("the Settlement Agreement"); certification of the Class for settlement purposes, appointment of the Named Plaintiffs as class representatives; appointment of Plaintiffs' counsel as Class Counsel;

1

approval of the form and method of notice to Class Members; and the scheduling of a Fairness Hearing during the first week of August, 2025, to hear any Class Member objections and consider whether to grant final approval of the Settlement Agreement and related relief.

**WHEREAS**, the Parties have agreed to a settlement of this action, the terms of which are set forth in the Settlement Agreement;

**WHEREAS**, Defendant does not oppose the present motion;

**WHEREAS**, the Settlement Agreement provides for certification of the Class solely for purposes of the Settlement;

**WHEREAS**, the Court has thoroughly reviewed the record in this Action, including the Settlement Agreement, Plaintiffs' Memorandum of Law in Support of Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement ("Plaintiffs' Memorandum") and declarations and exhibits submitted therewith, and the proposed form and method of notice to be distributed to Class Members informing them of the Settlement Agreement, and finds good cause for entering the following Order:

**NOW IT IS HEREBY ORDERED AS FOLLOWS**:

1. <u>Definitions.</u>  For the purposes of this Order, the Court adopts by reference the definitions set forth in Paragraph 1 of the Settlement Agreement.

2. <u>Certification of the Class.</u> Solely for the purposes of the Settlement Agreement, the Court finds that: (i) the Class is so numerous that joinder of all Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of the Named Plaintiffs are typical of the claims of the Class; (iv) the Named Plaintiffs and Plaintiffs' counsel have fairly and adequately represented and protected the

interests of all Class Members.  Therefore, the Court finds that the proposed class meets the requirements set forth in Rules 23(a) and 23(b)(2), and hereby:

    a.  Certifies under Federal Rule of Civil Procedure 23(b)(2), for purposes of the proposed Settlement Agreement only, a class consisting of: All Consumers who were in receipt of CDPAP services in March 2025 and (1) who received services from a Prior FI after April 1, 2025, or (2) who (a) were authorized for CDPAP services in the month of June 2025 and (b) did not receive any CDPAP services in the month of June 2025 and (c) did not switch to a different long-term care service

    b.  For the purposes of the proposed Settlement Agreement, appoints the New York Legal Assistance Group and Patterson Belknap Webb & Tyler LLP as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g), and appoints the Named Plaintiffs as Class Representatives.

3.    <u>Settlement Approval</u>. The Court has reviewed the terms of the proposed Settlement Agreement and the unopposed motion in support of preliminary approval of the Settlement Agreement, and finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive, arm's-length negotiations and that the terms of the Settlement Agreement do not improperly grant preferential treatment to any Named Plaintiff or segment of the Class.  Therefore, for the reasons set forth in Plaintiffs' Memorandum, the Court preliminarily approves the proposed Settlement Agreement as fair, reasonable, and adequate relief to the Class.

4.    <u>Notice to Class Members</u>. The Court finds that the procedures established for notice and the form of Fairness Notice attached as Exhibit 2 to the Declaration of Lisa E. Cleary meet the requirements of Federal Rule of Civil Procedure 23 and the Due Process Clause.

Therefore, for the reasons set forth in Plaintiffs' Memorandum, notice to the class shall be accomplished as set forth in paragraph 4(c) of the Settlement Agreement.

5.   Fairness Hearing. The Court will hold a hearing (the "Fairness Hearing") on August 6, 2025 at  11:00 am for the following purposes: (i) to determine whether the Settlement Agreement should be finally approved as fair, reasonable, adequate, and in the best interests of the Class; (ii) to rule upon Plaintiffs' counsel's forthcoming application for an award of attorneys' fees and costs; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement Agreement.  Any Class Member shall have the right to present objections to the Settlement Agreement by email, mail, or by appearing at the Fairness Hearing if they satisfy the procedures set forth in the Fairness Notice.  The Fairness Hearing will be held virtually, via video conference.  Class Members may attend the Fairness Hearing by Zoom. The Zoom information will posted on the Court's website and on the public docket.

6.   Final Approval: Any additional papers in support of a motion for entry of a Final Approval Order, as well as Plaintiffs' forthcoming application for an award of attorneys' fees and costs, shall be filed with the Court on or before July 25, 2025.

7.   If the Settlement Agreement is approved, all Class Members shall be bound by it, including the release of claims set forth in the Settlement Agreement and described in more detail in the notice to be distributed to individual Class Members.

8.   If the Settlement Agreement does not receive final Court approval following the Fairness Hearing or in the event the Settlement Agreement is terminated pursuant to its terms, the

parties shall be returned to their respective positions *nunc pro tunc* as those positions

existed immediately prior to the execution of the Settlement Agreement.

**SO ORDERED.**

UNITED STATES DISTRICT JUDGE

/S/ Frederic Block

Issued: _____July 7___, 2025