# Exhibit A

# Benesch

Edward C. Wipper
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
Direct Dial: 646.593.7051
Fax: 646.798.8902
ewipper@beneschlaw.com

July 30, 2025

*ENGESSER SETTLEMENT*

**<u>VIA U.S. MAIL AND EMAIL</u>**
Judge Frederic Block
Clerk of the Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

CDPAP Team
New York Legal Assistance Group
100 Pearl Street, Floor 19
New York, NY 10004
cdpaplawsuit@nylag.org

> Re: *Engesser et. al. v. McDonald*, 25-cv-1689: CDPAP Consumer and Class Member Alice Cucuta Objection to Proposed Settlement

Dear Judge Block:

This firm represents Alice Cucuta[1], CDPAP consumer and Class Member (as that term is defined in the Settlement Agreement, Dkt. 122-1). We write to object to the proposed settlement of this class action. We also write to provide notice that the undersigned counsel intends to appear at the upcoming fairness hearing on Ms. Cucuta's behalf.

This Court has a responsibility to ensure that any class action settlement is fair, reasonable, and adequate under FRCP 23(e). As set forth more fully below, the only way to ensure that this settlement is fair, reasonable, and adequate is to delay the final approval or execution of any settlement agreement and extend the preliminary injunction until the investigations by both the US Department of Justice and the New York Senate into the conduct of the defendants, and particularly the role of Public Partnerships LLC ("PPL"), have concluded.

Ms. Cucuta also joins in the objections made by class member Heather Burroughs (*see* Dkt. No. 131-2) and incorporates those objections into this letter as if fully recited herein. Rather than retread the ground that Ms. Burroughs' objection so eloquently covers, this objection focuses on the inequity in the settlement to hundreds of thousands of Consumers, including Ms. Cucuta, who will be discontinuing their claims concerning the transition with prejudice even though (i) they are receiving no consideration, restitution, or recompense to do so and (ii) while there are active investigations being conducted into the transition by both the New York State and United States Government that are likely to bring additional facts to light which affect those claims.

---

[1] My firm will provide Ms. Cucuta's phone number and address upon request.

*ENGESSER SETTLEMENT*

Judge Frederic Block
July 30, 2025
Page 2

Accordingly, we respectfully request that this settlement be held in abeyance until these investigations are concluded and the members of the Plaintiffs' class are apprised of the results in a manner that allows them to evaluate their rights. Further, we request that this Court's injunction remains in place unless and until a final resolution is reached and approved by this Court.[2]

As the Court, by now, must be painfully aware, CDPAP is an invaluable $9 billion Medicaid program that enables qualifying New York Medicaid recipients to receive in-home care services with dignity and respect. Only by qualifying to receive services in the CDPAP can disabled, elderly, and indigent New Yorkers (or some combination thereof) receive paid care that attends to their home health needs. With the combined disadvantage of not speaking English in addition to being disabled, elderly and/or infirm, the CDPAP patient population constitutes one of the most vulnerable in State of New York. Nothing has proved this more than the months of the incompetent and botched transition that was the product of a rushed political process whose purpose was to divert $9 billion in business away from the 600 fiscal intermediaries who had successfully been delivering services to the CDPAP Consumer population for years.

While the exact numbers of patients who have temporarily or permanently lost care due to this botched transition remains a secret that both the Plaintiffs in this case and the Department of Health ("DOH") and PPL have kept in a black box, there is no dispute, an overwhelming percentage of CDPAP Consumers are difficult to reach, regularly or at all, and need assistance understanding the ins and outs of the Program and related services, as well as their individual rights and remedies. Even the proposed settlement acknowledges this by finally incorporating numerous methods of attempted contact including two in person visits before transmitting a final termination notice for CDPAP services to unenrolled class members.

This settlement sells out CDPAP Consumers without any benefit to them and conferring benefits only upon PPL and does so without notifying them of these critical facts before asking them to forfeit valuable claims. Presently, there are two pending investigations into the botched CDPAP transition underway by both the United States Department of Justice and the New York State Senate. Each seeks to uncover previously concealed facts about the transition that are not known to the public.

Indeed, the proposed settlement is scheduled to occur on the eve of a pivotal New York Senate hearing set to take place on August 21, 2025. The hearing was originally scheduled to occur on July 9 with numerous CDPAP stakeholders participating. But the hearings were postponed to August 21 at the behest of the Defendant in this case, as NYSDOH refused to participate until August 21. Likewise, the DOH is aware that the Consumer Protection Branch of the DOJ, which has already submitted to this Court a Statement of Interest is conducting interviews with Key witnesses.

If jammed through before the investigations pending by the Federal and State governments are complete, this settlement would have CDPAP Consumers relinquishing all of their rights and

---

[2] The current injunction is set to expire on August 1. (Dkt. 118). A hearing on the proposed settlement is not set until August 6. (Dkt. 125). Yet again, Consumers and PAs are left with a gap in care. Extending the injunction until a resolution is reached is the only way to ensure continuity of care.

*ENGESSER SETTLEMENT*
Judge Frederic Block
July 30, 2025
Page 3

claims with prejudice simply by failing to opt out. They would forfeit compensation and other remedies blindly without the benefit of learning the facts that will likely be made public as a result of both of these crucial investigations. It took months and massive amounts of assistance for this class to appreciate the grave need to preserve and protect their CDPAP services. And even then thousands of PAs went unpaid and thousands of consumers lost services. It is unfathomable, unconscionable, and inequitable to conclude that this vulnerable population can possibly understand the rights that they forfeit by not opting out of this settlement when they could not reliably opt into the important care decisions presented by the notices they received that they needed to transition to PPL.

The inequity and imbalance in favor of the DOH and PPL is further exacerbated by the fact that there is no disclosure or notice to this vulnerable population of critical facts. Omitted from the notice Plaintiffs lawyers are required to send to class members is anything explaining the legal implications and ramifications of opting either in or out of the settlement with these ongoing investigations. To the contrary, there is no mention of these investigations at all even though they are material to the class members. Nor is there any requirement that individuals conducting outreach to members of the class explain any of these issues to them in person, even though they obviously did not understand the legal notices they received advising them that if they did not transition their care to PPL, they could lose it.

There is no prejudice to any party in holding the settlement in abeyance and keeping the injunction in place until a resolution is reached. With the Preliminary Injunction intact, it would only allow more people to transition, greater transparency into the remaining Consumers who are not transitioned – information withheld to date. Additionally, if the investigations reveal nothing, the parties can still settle for a resolution that does not confer any benefits on the class of Consumers who are, at present, not even receiving an extension of the transition date that goes beyond the settlement of this case.

For these reasons, Ms. Cucuta respectfully requests that the Court deny approval of the proposed settlement and keep the injunction in place. In the alternative, Ms. Cucuta respectfully requests the Court stay any decision on the settlement until after the DOJ and NY State Senate investigations are concluded, thus allowing all class members to be fully informed on the relevant facts. With potential overlap between the facts under investigation and those at the heart of the settlement, at a minimum, delaying approval until these investigations are concluded would serve the interests of justice.

*ENGESSER SETTLEMENT*
Judge Frederic Block
July 30, 2025
Page 4

We thank the Court for its consideration and attention to this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Edward C. Wipper*

Edward C. Wipper