UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, MARISOL GETCHIUS,
GEETANJALI SEEPERSAUD by her Next Friend
SAVITRI SEEPERSAUD, and MARIA JAIME
on her own behalf and as Next Friend to Y.P.S.
and C.P., individually and on behalf of all persons
similarly situated; BROOKLYN CENTER FOR
INDEPENDENCE OF THE DISABLED, and
REGIONAL CENTER FOR INDEPENDENT
LIVING,

                                    Plaintiffs,


                    -against-


JAMES V. MCDONALD, as Commissioner of the
New York State Department of Health,

                                    Defendant.

---

**Case No.:** 1:25-cv-01689


**CORRECTED STIPULATION OF
CLASS ACTION SETTLEMENT,
GENERAL RELEASE, AND
ORDER OF DISMISSAL**

---

**CORRECTED STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL** ("Stipulation") made by and between plaintiffs Liza Engesser, Marisol Getchius, Geetanjali Seepersaud by her Next Friend Savitri Seepersaud, and Maria Jaime on her own behalf and as Next Friend to Y.P.S. and C.P. ("Named Plaintiffs"), individually and on behalf of all persons similarly situated, Brooklyn Center for Independence of the Disabled, and Regional Center for Independent Living (together with Named Plaintiffs, "Plaintiffs"), and defendant James V. McDonald ("Defendant"), as Commissioner of the New York State Department of Health ("DOH") as of August 4, 2025:

**WHEREAS,** Plaintiffs commenced the above-captioned action by filing a Class Action Complaint on March 26, 2025 (ECF No. 1) ("Complaint"), alleging claims against Defendant pursuant to the notice and fair hearing provisions of the Medicaid Act, 42 U.S.C. § 1396a(a)(3) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and

1

**WHEREAS,** Plaintiffs filed a Corrected Class Action Complaint on March 27, 2025 (ECF No. 32) ("Corrected Complaint"), which corrected an erroneous exhibit reference and two exhibit files; and

**WHEREAS,** the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

**WHEREAS,** Plaintiffs moved for entry of a temporary restraining order and preliminary injunction on March 27, 2025; and

**WHEREAS,** the Court granted a temporary restraining order on March 31, 2025, and entered a further Order clarifying the temporary restraining order on April 2, 2025; and

**WHEREAS,** Plaintiffs and Defendant ("the Parties") desired to resolve Plaintiffs' motion for a temporary restraining order and preliminary injunction without further litigation and without admission that a motion for such relief is appropriately granted; and

**WHEREAS,** the Parties submitted a joint [Proposed] Preliminary Injunction on April 9, 2025, which the Court ordered on April 10, 2025, and which had an expiration date of June 6, 2025 (ECF No. 62) ("Preliminary Injunction"); and

**WHEREAS,** on May 20, 2025, the Court extended the expiration date of the Preliminary Injunction to June 20, 2025, to allow the Parties to attempt to settle or otherwise brief Plaintiffs' motion to amend and extend the Preliminary Injunction ("Motion for Amended Preliminary Injunction"); and

**WHEREAS,** on June 19, 2025, the Court extended the expiration date of the Preliminary Injunction to July 1, 2025, to allow the Parties to both finalize settlement of the Motion for Amended Preliminary Injunction and submit a joint proposed class settlement for the Court's review and approval; and

**WHEREAS,** the Parties submitted a joint [Proposed] Amended Preliminary Injunction on June 26, 2025, which the Court ordered on June 27, 2025 (ECF No. 118) ("Amended Preliminary Injunction"); and

**WHEREAS,** Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

**WHEREAS,** the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

2

**WHEREAS,** during the course of settlement negotiations, and in anticipation of a final settlement being concluded that provides for significant actions to be undertaken in furtherance thereof before the Effective Date in the interest of the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Definitions.**

    a.    "Amended PI" means the Amended Preliminary Injunction jointly submitted by the Parties on June 26, 2025 and so-ordered by the Court on June 27, 2025, ECF No. 118.

    b.    "Authorization" means the authorization for services by an MCO or LDSS pursuant to 18 New York Codes, Rules, and Regulations ("NYCRR") § 505.28(d)(3)(i).

    c.    "CBLTCS" shall have the same meaning as Community Based Long Term Care Services pursuant to the contract in effect for the MLTC Plan of which the consumer is a member. CBLTCS is comprised of services such as Home Health Services, Private Duty Nursing, Consumer Directed Personal Assistance Services, Adult Day Health Care Program, and Personal Care Services.

    d.    "CDPAP" means the Consumer Directed Personal Assistance Program, a New York State Medicaid Program intended "to permit chronically ill and/or physically disabled individuals receiving home care services greater flexibility and freedom of choice in obtaining such services," N.Y. Social Services Law ("SSL") § 365-f(1); 18 NYCRR § 505.28(a).

    e.    "CDPAP Amendment" means Part HH of Chapter 57 of the New York Session Laws of 2024 that amended subdivision 4-a(ii-a) and added subdivision 4-a-1(a) (*see* Section 3 of Part HH) to SSL § 365-f.

    f.    "Consumer" means an individual eligible to participate in CDPAP. 18 NYCRR § 505.28(b)(2).

    g.    "Continuing Jurisdiction Period" means the six-month period beginning on the Effective Date.

    h.    "Class" means members of the class described in Paragraph 3 of this Stipulation.

    i.    "Class Member" means a person who is a member of the Class.

3

j.      "Class Counsel" means New York Legal Assistance Group ("NYLAG") and Patterson Belknap Webb & Tyler LLP.

k.      "Consumer with Unused Services" shall mean a Consumer who has a valid authorization for CDPAP services but has no record of having received CDPAP services during the month of June 2025.

l.      "Designated Representative" shall have the same meaning as Designated Representative pursuant to 18 NYCRR § 505.28(b)(7).

m.      "Effective Date" has the meaning set forth in Paragraph 26 of this Stipulation.

n.      "Execution Date" means the date this Stipulation has been executed by all signatories.

o.      "Facilitators" means entities subcontracted with PPL to perform services on behalf of the consumer to facilitate the consumer's role as the employer pursuant to SSL § 365-f.

p.      "FI" means a Fiscal Intermediary that performs administrative functions such as wage and benefit processing for PAs, processing all income tax and other required wage withholdings, and maintaining employment records on behalf of the consumer, *see* SSL § 365-f(4-a)(a)(i)-(ii); 18 NYCRR §§ 505.28(b)(8), (j).

q.      "Fully Onboarded Personal Assistant" means a Personal Assistant who has completed all legal requirements to become a PPL employee, including employment eligibility verification, and has been notified that the PA is Fully Onboarded.

r.      "Fully Registered Consumer" means a consumer who has themselves or through a Designated Representative:

i.      Completed the necessary steps for registration with PPL; and

ii.      Signed the required memorandum of understanding with PPL.

s.      "LDSS" means Local Departments of Social Services established pursuant to Article 2 of the Social Services Law.

t.      "Medicaid" means the "Medical Assistance for Needy Persons" Program, administered in New York State by DOH pursuant to SSL § 363-a as required by the federal Social Security Act.

4

u.      "MCO" shall have the same meaning as a Managed Care Provider pursuant to SSL § 364-j.

v.      "MLTC" shall have the same meaning as a Managed Long Term Care plan pursuant to Public Health Law § 4403-f.

w.      "NYMC" shall mean New York Medicaid Choice.

x.      "Original Preliminary Injunction" means the consent Preliminary Injunction jointly submitted by the Parties on April 9, 2025 and so-ordered by the Court on April 10, 2025, ECF No. 62, and extended by the Court on June 19, 2025.

y.      "PA" means a Personal Assistant, or personal care aide, selected and retained by a Consumer to assist with the Consumer's home care needs under CDPAP. 18 NYCRR § 505.28(b)(4).

z.      "PPL" means Public Partnerships, LLC, which was selected as the statewide FI to perform the FI role for CDPAP pursuant to the CDPAP Amendment.

aa.     "Prior FI" means the FI with which the Consumer was enrolled on March 31, 2025.

bb.     "Registration Deadline" means August 1, 2025.

2.      **Dismissal of the Action with Prejudice.** Upon the Effective Date, the Complaint, the Corrected Complaint, the Action, and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses other than, in addition to, or in excess of the amounts to be negotiated pursuant to Paragraph 10 of this Stipulation.

3.      **Class Certification.** For purposes of this Settlement, a class shall be certified under Fed. R. Civ. P. 26(b)(2) consisting of:

> All Consumers who were in receipt of CDPAP services in March 2025 and (1) who received services from a Prior FI after April 1, 2025, or (2) who (a) were authorized for CDPAP services in the month of June 2025 and (b) did not receive any CDPAP services in the month of June 2025 and (c) did not switch to a different long-term care service.

4.      **Motion for Preliminary Approval and Fairness Notice to the Class.**

a.      Concurrently with the submission of this Stipulation, Named Plaintiffs shall submit to the Court: (1) a motion for preliminary approval of this class action settlement; and (2) a proposed order directing notice of the proposed settlement to the proposed Class as set

5

forth in Paragraph 3, including notice of Class Members' right to object or comment on the proposed settlement.

        b.      A copy of the Proposed Order is attached as **Exhibit 3**, and a copy of the notice ("Fairness Notice") to the proposed Class is attached as **Exhibit 2**.

        c.      Within 10 days of the Court's preliminary approval of this Stipulation:

          i.      DOH will cause the Fairness Notice to be posted on its website in English and in Spanish, with accompanying information to be provided in the 12 languages required under the New York State Language Access Law that will explain how to access verbal or written translation services for alternate languages.

          ii.      NYLAG will post the Fairness Notice on its website.

          iii.      NYLAG will circulate an electronic notice of the Fairness Notice to Medicaid-related advocates' listservs.

          iv.      DOH will cause the Medicaid Redesign Team to distribute the Fairness Notice to their Listserv.

          v.      DOH will direct PPL, Facilitators, and LDSS to post a copy of the Fairness Notice in their physical offices.

          vi.      DOH will direct MCOs and LDSS to post the Fairness Notice on their websites.

          vii.      DOH will circulate electronic notice of the Fairness Notice to Class Members via text message and email (as well as via text message and email to the Class Member's Designated Representative, if applicable) with a link to the Notice as available on the DOH website. If any Class Member and/or Designated Representative does not have both a mobile number and an email address on file, then DOH may circulate the electronic notice of Fairness Notice to that Class Member and/or Designated Representative via only text or email, whichever method of communication is available in the Class Member's and/or Designated Representative's files.

5.      **<u>Injunctive Relief.</u>**

        a.      Employment and Payment of PAs through Pendency of this Stipulation

i.      This Paragraph sets forth the actions to be taken during the pendency of this Stipulation with respect to the Categories of Consumers created by the Original Preliminary Injunction.

ii.      Category A: "Fully Registered Consumer, Fully Onboarded PA" Group

1.      This Category covers employment and payment of PAs who are Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.

2.      Because Consumers in Category A have Fully Registered with PPL and their PAs have Fully Onboarded with PPL, PPL will remain the joint employer of these PAs and continue to be the only FI permitted to provide FI services. These Consumers shall also receive a communication, described in Paragraph 5.b.i, to provide information about resources they can contact for assistance using CDPAP services.

iii.      Category B: "Fully Registered Consumer, Not Fully Onboarded PA" Group

1.      This Category covers employment and payment of any PAs who are not Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.

2.      Any PA that is providing services to a Consumer in Category B under the Original Preliminary Injunction, Section II.d, must be Fully Onboarded with PPL by the Registration Deadline. Until the Registration Deadline, any PA that is being paid by a prior FI can continue to be paid by the Prior FI. After the Registration Deadline any PA not Fully Onboarded with PPL will not receive payment for services until the PA is Fully Onboarded.

3.      PAs who are not Fully Onboarded with PPL can utilize the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Paragraph.

iv.      Category C: "Not Fully Registered Consumers" Group

1.      This Category covers employment and payment of all PAs whose Consumers are *not* Fully Registered with PPL.

2.      All Consumers and PAs in Category C under the Original Preliminary Injunction, Section II.e.iii, must register with PPL by the Registration Deadline. Until the Registration Deadline, any Consumer that has elected to have their PA(s) paid by a prior FI can continue to have their PA(s) paid by the Prior FI. After the Registration Deadline any PA not Fully Onboarded with PPL will not receive payment for services until the PA is Fully Onboarded.

3.      Consumers and PAs who are not Fully Registered with PPL can utilize the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Paragraph.

v.      Moving from Category B or C to Category A

1.      DOH will direct PPL that, at the point any PA who was previously not Fully Onboarded with PPL becomes Fully Onboarded with PPL, PPL must:

a.      Inform the Consumer, the Consumer's Designated Representative, if any, and the PA via email and phone that the PA is employed and will be paid by PPL, and the date payment begins; and

b.      Provide the PA, the Consumer's Designated Representative, if any, and the Consumer with instructions for submitting and approving time.

vi.      Expedited Authorization:

1.      For any Consumer who is Fully Registered with PPL but whose Authorization has not been transferred to PPL, DOH will instruct the MCOs and LDSS to continue to prioritize the transfer of those Authorizations.

vii.      Expedited PPL Onboarding Mechanism:

1.      The Expedited PPL Onboarding Mechanism put into place pursuant to the Original Preliminary Injunction, Section II.h, for urgent

onboarding of PAs who are not Fully Onboarded with PPL and are serving a Consumer in Category B or C (*see* Paragraphs 5.a.iii and 5.a.iv *supra*) shall remain in place as follows. This process includes:

    a.      Intensive and direct outreach by DOH;

    b.      Maintenance of DOH's dedicated CDPAP transition team;

    c.      Maintenance of the dedicated DOH CDPAP Transition phone number (1-833-947-8666) and email address (statewidefi@health.ny.gov) through December 31, 2025, after which time existing Medicaid consumer services hotlines (for MCOs and LDSS Consumers) will support CDPAP;

    d.      Consumer in-home visits by Facilitators and/or MCOs; and

    e.      Availability of in-person community office visits.

viii.    No Consumer can newly elect to have a PA be paid by their Prior FI.

ix.    This Stipulation does not prevent DOH or PPL from continuing to transition Consumers and their PAs to PPL.

b.    Additional Actions to Be Taken for Fully Registered Consumers

i.    Communication to all Fully Registered Consumers:

1.    DOH shall direct the MCOs and LDSS to send a letter to all Fully Registered Consumers ("Fully Registered Consumer Letter") via their preferred method of communication, as set forth in Paragraph 5.b.i.3, *infra*, reminding the Consumer of:

    a.      Contact information for PPL and the DOH CDPAP Transition phone number;

    b.      Availability of Facilitators;

    c.      The list of Facilitators; and

    d.      The process for requesting a Facilitator.

2.    The Fully Registered Consumer Letter will contain a form for Consumers to select a Facilitator if they choose to do so.

3.      Preferred method of communication

      a.      A Consumer's preferred method of communication is that which was previously selected by the Consumer pursuant to Guidance for Medicaid Managed Care Plans on Enrollee Electronic Notification of Managed Care Organization Determinations, effective October 1, 2022.

      b.      If the Consumer's preferred method of communication is email or text, that Consumer will be sent an email or text message that includes a link to a webpage containing the same information that was included in the Fully Registered Consumer Letter, as well as a link to the Facilitator selection form.

      c.      If the Consumer's preferred method of communication is phone, that Consumer will be emailed the Fully Registered Consumer Letter. If such a Consumer does not have an email address on file, the letter shall be mailed.

4.      DOH shall also post a copy of the Fully Registered Consumer Letter publicly on the DOH website.

ii.      Specialized resources for certain populations:

1.      DOH shall direct PPL to have PPL's website identify Facilitators who have expertise in serving certain populations.

2.      DOH shall direct PPL to direct Consumers to the list of Facilitators with expertise to inform Consumer choice of whether and which Facilitator to select. PPL's outreach referenced in Paragraph 5.b will specifically note that Facilitators are available to support not just the onboarding process, but also ongoing and day-to-day Consumer needs; as such, Consumers with specialized needs may choose to work with a Facilitator with relevant expertise if they wish to receive this ongoing support.

c.    Additional Actions to Be Taken for Consumers Being Served by a Prior FI Pursuant to the Amended PI

i.    DOH shall direct the MCOs and LDSS to mail a letter to all Consumers being served by a Prior FI pursuant to Paragraphs 5.a.iii.2 and 5.a.iv.2, *supra*, that advises those Consumers that they must be Fully Registered and their PAs must be Fully Onboarded by the Registration Deadline to remain in CDPAP ("Prior FI Consumer Letter"). The Prior FI Consumer Letter will explain how Consumers can Fully Register with PPL and how PAs can Fully Onboard with PPL, provide the DOH CDPAP Transition phone number, explain how a Consumer can choose to be assisted by a Facilitator, include a list of Facilitators and a form to be completed to select a Facilitator, and explain who a Consumer can contact to change to different long term care services if necessary by including phone numbers for their health plan and the Independent Consumer Advocacy Network ("ICAN").

ii.    For Consumers who are registered with PPL, but whose PAs are still being paid by a Prior FI, the Prior FI Consumer Letter will state that if their PAs are not Fully Onboarded by the Registration Deadline, the PAs will not be paid after the Registration Deadline until they are Fully Onboarded.

iii.    Following the Prior FI Consumer Letter, if the Court approves the settlement after a duly conducted Fairness Hearing, Consumers will be subject to the discontinuation process outlined in Paragraph 5.e.ii, *infra*, if the Consumer and their PA do not register with PPL by the Registration Deadline.

iv.    For Consumers with a Prior FI who are Fully Registered before the Registration Deadline but whose PAs Fully Onboard with PPL after the Registration Deadline but prior to August 15, 2025, pay for August 1 through August 15, 2025 will be available through PPL for those PAs who otherwise qualify (*e.g.*, care was authorized and an accurate record of time worked is uploaded to PPL@Home).

d.    Additional Actions to Be Taken for Consumers With Unused Services Enrolled in MLTC Who Are Not in Receipt of Any CBLTCS Services

i.    MLTC Letter

1.      DOH shall direct the MCOs to mail a letter, no later than July 7, 2025 to Consumers With Unused Services who are enrolled in an MLTC but have no record of having received any CBLTCS services informing them of the Registration Deadline for Consumers to be Fully Registered and their PAs to be Fully Onboarded ("MLTC Letter").

2.      The MLTC Letter shall explain the multiple registration methods available through PPL; provide the DOH CDPAP Transition phone number; explain how a Consumer can choose to be assisted by a Facilitator, include a list of Facilitators and a form that can be used to select a Facilitator; and explain who a Consumer can contact to change to different long term care services if necessary by including phone numbers for their health plan and ICAN.

3.      The MLTC Letter shall indicate that if the Consumer does not comply with the Registration Deadline, the Consumer could be in danger of CDPAP service discontinuation or disenrollment from their MLTC plan.

ii.      DOH shall direct MCOs to conduct additional outreach to the Consumers described in Paragraph 5.d.i.2 before the Registration Deadline, including:

1.      At least 10 outreach attempts that will be conducted at different times of day, and on different days of the week, beginning when this Stipulation is filed;

2.      At least one of these 10 outreach attempts will be to the Consumer's authorized representative instead of the Consumer when an authorized representative is identified with the MCO;

3.      At least one of these 10 outreach attempts will be a home visit to the Consumer. MCOs are required to attempt a second home visit in the event no one answers the door during the initial home visit attempt;

4.      At least five of these 10 outreach attempts, including the home visit and contact with an authorized representative, will be conducted after the MLTC Letter is sent.

12

iii.    Once the Registration Deadline has passed, any Consumers With Unused Services in Paragraph 5.d who have not responded to contact to indicate an intent to re-start CDPAP services, or have not taken any step toward re-starting services (e.g., registered with PPL or had their PA register with PPL), will be mailed, as applicable, a Notice of Intent to Discontinue services because the Consumer selected a different long term care service, or a Notice of Intent to Disenroll from their MLTC plan during the first week of August, 2025.

iv.    Formal disenrollment of Consumers With Unused Services who are enrolled in an MLTC but have no record of having received CBLTCS services by the Registration Deadline and who have not responded to contact to indicate an intent to re-start CDPAP services or taken any step toward re-starting services (e.g., registered with PPL or had their PA register with PPL):

1.    If the Court approves this Stipulation after a duly conducted Fairness Hearing, by August 15, 2025, a formal Disenrollment Notice with fair hearing rights letter will be sent to the category of Consumers described in Paragraph 5.d.iv from NYMC. Depending on NYMC capabilities, this notice shall say that DOH does not have jurisdiction to hear a challenge to the statute creating a single statewide FI.

2.    For such Consumers who timely request a fair hearing after receiving the Disenrollment Notice described in Paragraph 5.d.iv.1, *supra*, hearings will be scheduled on a priority basis and the disenrollment process will cease.

3.    DOH will direct MCOs to notify DOH of any such Consumer who requests a fair hearing, and to inform DOH of the type of notice sent to the Consumer. After receiving this information from the MCO, DOH will contact each such Consumer who requests a fair hearing after receiving the Disenrollment Notice described in Paragraph 5.d.iv.1, *supra*, to determine whether the Consumer can be expeditiously Fully Registered. DOH will then guide such Consumers through the expedited onboarding process set forth in Paragraph 5.a.vii or an update to their plan

13

of care to incorporate another CBLTCS and will request that the Consumer withdraw the hearing.

        4.     For any such Consumer who does not request a fair hearing after receiving the notice described Paragraph 5.d.iv.1, *supra*, and who also does not take any step to re-start CDPAP services or indicate an intent to re-start CDPAP services, DOH will involuntarily disenroll those Consumers effective September 1, 2025.

        5.     If a Consumer in Paragraph 5.d informs the MCO at any point prior to the effective date of disenrollment that they wish to remain in the MLTC plan and understand the steps required to do so, the disenrollment process will be stopped and the Consumer will be supported through the expedited onboarding process or an update to their plan of care.

    e.     Additional Actions to Be Taken for MCO or LDSS Consumers With Unused Services, or MLTC Consumers With Unused Services Who Are Receiving Another CBLTCS.

      i.     MCO/LDSS letter

        1.     DOH shall direct the MCOs and LDSS to mail MCO and LDSS Consumers With Unused Services in Paragraph 5.e a letter informing them of the Registration Deadline for the Consumers and their PAs to be Fully Registered and Fully Onboarded with PPL ("MCO/LDSS Letter") by July 7, 2025. MLTC Consumers With Unused Services in this Paragraph who are authorized for CDPAP, and who are receiving another CBLTCS shall also receive the MCO/LDSS Letter.

        2.     The MCO/LDSS Letter shall explain how Consumers can Fully Register with PPL; provide the DOH CDPAP Transition phone number; explain how a Consumer can choose to be assisted by a Facilitator; include a list of Facilitators and a form that can be used to select a Facilitator; and explain who a Consumer can contact to change to different long term care services if necessary, by including phone numbers for their health plan or LDSS and ICAN.

       3.      The MCO/LDSS Letter shall indicate that if the Consumer does not comply with the Registration Deadline, the Consumer could be in danger of CDPAP service discontinuation.

      ii.     If the Court approves this joint class settlement after a duly conducted fairness hearing, DOH shall direct MCOs and LDSS (or, as applicable MLTCs) to send Consumers in Paragraph 5.e who do not comply with the Registration Deadline and who also do not take any step to re-start CDPAP services or indicate an intent to re-start CDPAP services a written discontinuation of services notice for failure to comply with an administrative requirement by August 15, 2025. This notice will serve as a final determination notice and state that DOH does not have jurisdiction to hear a challenge to the statute creating a single statewide FI. The effective date of these notices shall be no earlier than September 1, 2025.

      iii.    For such Consumers who timely request a fair hearing after receiving the notice described in Paragraph 5.e.ii, *supra*, hearings will be scheduled on a priority basis and the CDPAP discontinuance process will cease.

      iv.    DOH shall direct MCOs and LDSS to notify DOH of any such Consumer who requests a fair hearing, and to inform DOH of the type of notice sent to the Consumer. After receiving this information from the MCO or LDSS, DOH will contact anyone in this group who requests a fair hearing after receiving the notice described in Paragraph 5.e.ii, *supra*, to determine whether the Consumer can be expeditiously Fully Registered or an update can be made to their plan of care to incorporate another CBLTCS so the hearing can be subject to a pre-hearing disposition.

f.    Facilitators

      i.     Facilitators will have access to the PPL system equivalent to that of PPL customer service representatives, with the exception of the ability to assign a Facilitator to a Consumer.

      ii.    DOH will continue to work with PPL on means of enhancing Facilitator training to support Facilitators in serving Consumers, including through the mechanisms identified in parts f.i, f.iii, and f.iv  of this Paragraph.

15

iii.     Facilitators will be given the ability to flag issues for expedited follow up by PPL when they identify a problem that needs to be resolved but that the Facilitator itself cannot resolve, and receive a response when the problem is resolved.

iv.     Facilitators will be given priority access to PPL call center agents that are highly skilled and have priority call routing. PPL will have a dedicated Facilitator liaison team that assists Facilitators with any questions or needs.

g.     Additional Terms Governing Communications and Notices to Be Sent Pursuant to this Stipulation

i.     For the purposes of this Stipulation, any reference to a communication sent to a Consumer also means that the communication shall also be sent to the Consumer's Designated Representative, if applicable.

ii.     For the purposes of this Stipulation, written communication will be provided to the Consumer in English and Spanish with accompanying information to be provided in the 12 languages required under the New York State Language Access Law that will explain how to access verbal or written translation services for alternate languages.

iii.     All notices will be reviewed by Class Counsel in advance of distribution. Class Counsel shall have 72 hours to suggest edits to the notices for DOH's consideration. DOH will review these proposed edits and accept reasonable edits.

h.     Additional Guidance to MCOs, LDSS, and/or PPL

i.     DOH shall issue guidance to MCOs and LDSS regarding the proper procedure to follow when the MCOs and LDSS suspects a Consumer has lost capacity to self-direct and does not have a designated representative.

ii.     DOH shall issue guidance to MCOs, LDSS and PPL on service authorization renewals to ensure that Consumers have continuity of care. The guidance will require clear deadlines for issuing authorizations. These deadlines will enable PPL to timely upload the service authorizations and associate the authorizations renewals with the relevant Consumer profile before the expiration of the prior authorization.

16

iii.    DOH will issue guidance to MCOs, LDSS, and PPL about how to provide aid to continue when a Consumer is facing reduction or discontinuance of service and has timely requested a fair hearing under Paragraph 5.d.

6.    **Data Sharing**

a.    <u>Data Relating to July Communications</u>: On or before July 11, 2025, DOH will provide Class Counsel with the following information:

i.    Number of letters sent to Consumers receiving CDPAP services through a Prior FI pursuant to Paragraph 5.c.i.;

ii.    Number of letters sent to Consumers with Unused Services who are enrolled in an MLTC pursuant to Paragraph 5.d.i.;

iii.    Number of letters sent to MCO or LDSS Consumers with Unused Services pursuant to Paragraph 5.e.i.;

b.    <u>Data Relating to Notices of Intent to Disenroll and Discontinue</u>: On or before August 7, 2025 or 24 hours before the Fairness Hearing, whichever is earlier, DOH will provide Class Counsel with the following information:

i.    Number of Notices of Intent to Discontinue Services to be sent to Class Members pursuant to Paragraph 5.d.iii.;

ii.    Number of MLTC Notices of Intent to Disenroll to be sent to Class Members pursuant to Paragraph 5.d.iii.;

c.    <u>Data Relating to Disenrollment and Discontinuance Notices</u>: On or before August 20, 2025, DOH will provide Class Counsel with the following information:

i.    Number of NYMC Disenrollment Notices sent to Consumers with Unused Services who are enrolled in an MLTC but not in receipt of any CBLTCS services pursuant to Paragraph 5.d.iv.1;

ii.    Number of Discontinuance Notices sent to Class Members who were receiving services from a Prior FI pursuant to Paragraph 5.c.iii;

iii.    Number of Discontinuance Notices sent to MCO or LDSS Consumers With Unused Services, or MLTC Consumers With Unused Services Who are receiving another CBLTCS pursuant to Paragraph 5.e.ii;

d.    <u>Prior FI Transition</u>: On or before September 1, 2025, the DOH will provide Class Counsel with the following information:

     i.  Number of Class Members who returned to a prior FI after April 1, 2025;

     ii.  Number of Class Members formerly with Prior FIs who were fully registered with PPL by August 1, 2025;

     iii.  Number of those Class Members whose PAs were Fully Onboarded with PPL by August 1, 2025;

     iv.  Number of those Class Members whose PAs were Fully Onboarded with PPL by August 15, 2025;

     v.  Number of PAs who were Fully Onboarded with PPL between August 1 and August 15, 2025, and received back pay from PPL for that period pursuant to Paragraphs 5.a.iii.3 and 5.a.iv.3;

     vi.  Number of Class Members formerly with Prior FIs who switched to another long term care service;

  e.  <u>Fair Hearing Data</u>: At each monthly meeting beginning in September 2025 during the Continuing Jurisdiction Period, DOH will provide Class Counsel with the following information:

     i.  Number of Class Members sent Disenrollment Notices pursuant to Paragraph 5.d.iv.2. who have requested Fair Hearings since August 15, 2025.

     ii.  Number of Class Members sent Discontinuance Notices pursuant to Paragraph 5.e.iii. who requested Fair Hearings since August 15, 2025.

  f.  <u>Data Relating to Disenrollment and Discontinuance Notices</u>:  On or before August 20, 2025, DOH will provide Class Counsel with the number of Class Members who have received 10 outreach attempts in accordance with Paragraph 5.d.ii.

  7.  **Compliance with Laws.** Notwithstanding the provisions of this Stipulation, Defendant reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation if they believe they are required to do so by intervening changes in any federal or state laws, statutes, ordinances, rules or regulations, including the U.S. Centers for Medicare & Medicaid Services ("CMS") requirements related to CDPAP or the Medicaid program, that DOH believes are inconsistent with the terms of the Stipulation. In no circumstance will DOH's implementation of federal or state laws, statutes, ordinances, rules or regulations, including CMS requirements related to CDPAP or the Medicaid program, be

deemed an instance of Substantial Noncompliance pursuant to Paragraph 9 of this Stipulation. In such event, Defendant will notify Class Counsel in writing within five (5) days and the Parties will attempt to come to an agreement as to whether any modifications of the Stipulation are warranted. If no resolution is reached within five (5) days following Defendant's written notice, either Defendant or Plaintiffs may move this Court for an order for all appropriate relief pursuant to any applicable rule or procedure. Notwithstanding the timeframes above, and unless otherwise ordered by the Court, Defendant may immediately take any action it believes to be required by intervening changes in federal or state laws, statutes, ordinances, rules or regulations, including CMS requirements related to CDPAP or the Medicaid program.

8.  **Unforeseen Circumstances.**

   a.    In the event any unforeseen circumstance not encompassed by Paragraph 7 (Compliance with Laws) occurs that causes or may cause Defendant to fail to timely fulfill any material requirement of the Stipulation ("Unforeseen Circumstance"), Defendant will notify Class Counsel in writing within five (5) calendar days after Defendant becomes aware of the Unforeseen Circumstance, its anticipated impact on Defendant's ability to perform the material terms of the Stipulation, the measures taken to prevent or minimize the impact, and, as appropriate, either: (1) a proposed new timeline for compliance, or (2) a proposed modification of the Stipulation. Requests by Defendant due to Unforeseen Circumstances shall not be unreasonably withheld by Plaintiffs. If no resolution is reached within five (5) days following Defendant's written notice pursuant to this Paragraph, Defendant or Plaintiffs may move for an order of the Court for all appropriate relief pursuant to any applicable rule or procedure.

   b.    In the event the Parties agree to amend deadlines in this Stipulation in a manner that extends Defendant's obligations under Paragraph 5 (Injunctive Relief) and Paragraph 6 (Data Sharing) beyond the Continuing Jurisdiction Period, the terms of this Stipulation, and the Court's jurisdiction to enforce it, shall be automatically extended by an equal amount of additional time.

9.  **Continuing Jurisdiction.**

   a.    The District Court shall retain jurisdiction during the Continuing Jurisdiction Period solely to enforce the terms of Paragraphs 5 and 6 of this Stipulation upon the filing of an appropriate motion by either Party. The Parties to this Stipulation will endeavor in

19

good faith to informally resolve any differences regarding compliance and interpretation of this Stipulation prior to any application to the Court.

b. Prior to filing a motion to enforce or modify the terms of the Stipulation, a Party, through counsel, will notify the other Party in writing of the nature of the alleged failure to comply with a specific term set forth in Paragraph 5 (Injunctive Relief) and Paragraph 6 (Data Sharing) of this Stipulation or alleged necessary modification. The alleged failure to comply must rise to Substantial Noncompliance. Substantial Noncompliance includes violations of the terms set forth in Paragraph 5 (Injunctive Relief) and Paragraph 6 (Data Sharing) of this Stipulation, provided that isolated, non-systemic violations of a specific term in that Paragraph will not be considered Substantial Noncompliance.

c. Unless otherwise resolved, the Parties' counsel shall confer within a five (5) day period following notice to Defendant's counsel in an attempt to arrive at a resolution of the claims.

d. <u>Adjudication of Disputes Unresolved by Party Conference.</u> If a dispute has not been resolved through conferring between the Parties in conformity with this Stipulation, within ten (10) days of notice of Substantial Noncompliance or modification, pursuant to this Paragraph, the alleging Party may file a motion with the Court seeking enforcement or modification of the Stipulation.

e. Nothing in this Stipulation prevents Class Members from challenging individual adverse actions relating to their CDPAP services through the Fair Hearing process and any appeals allowable by law.

f. The jurisdiction of this Court shall terminate at the conclusion of the Continuing Jurisdiction Period, unless Plaintiffs move pursuant to Paragraph 9 (Continuing Jurisdiction) to enforce a specific term of this Stipulation, in which case jurisdiction shall continue, only with regard to that portion of the Stipulation that Plaintiffs have moved to enforce, until:

  i. Such time as directed by the Court, if the motion is decided favorably for Plaintiffs; or

  ii. Such time as may be extended by the Parties by modification of this Stipulation.

g.      Following the termination of the Court's jurisdiction as set forth in Paragraph 9 (Continuing Jurisdiction), this Stipulation shall be deemed unenforceable by or against either Party.

h.      Either Party may employ the dispute resolution processes described in this Paragraph including, but not limited to, disputes involving Paragraph 7 (Compliance with Laws) and Paragraph 8 (Unforeseen Circumstances).

10.    **Payments to Plaintiffs' Attorneys.** Attorneys' fees and costs will be agreed upon in advance of the Fairness Hearing based on reasonable attorneys' fees and costs for Class Counsel's work advancing Plaintiffs' claims and resolving this matter. If the Parties are unable to reach an agreement on the amount that Defendant will pay for attorneys' fees and costs, Class Counsel may make an application to the Court seeking reasonable attorneys' fees and costs incurred. Defendant retains all rights to challenge the amount of such fees and costs.

11.    **General Release.** For and in consideration of the obligations specified in the Stipulation and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Stipulation, Plaintiffs and Class Members, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendant, DOH, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, or now have, against some, any, or all of the Released Parties, concerning the conduct challenged in the Action in violation of the Medicaid Act, 42 U.S.C. § 1396 and its implementing regulations, and the United States Constitution; or any other claims, causes of action, rights, or administrative charges for attorneys' fees, costs, or other expenses, with the exception of reasonable attorneys' fees as set forth in Paragraph 10.

12.    **No Other Action or Proceeding.** Other than *Jeannot v. McDonald*, No. 25-314 (2d Cir.), *Medicaid Consumers for Continuity of Care et al. v. McDonald*, Docket No. 1:25-cv-

00565 (S.D.N.Y.), *Center for Independence of the Disabled New York v. Metropolitan Transportation Authority*, No. 1:17-cv-2990 (S.D.N.Y), *Caridad Ortiz, et al. v. State of New York, et al.*, No. 910298-24 (Albany County Sup. Ct.), and *Judith Eckert, et al. v McDonald*, et al. No. 94315 (Cattaraugus County Sup. Ct.), Plaintiffs Liza Engesser, Marisol Getchius, Geetanjali Seepersaud, Maria Jaime, Y.P.S., C.P., Brooklyn Center for Independence of the Disabled, and Regional Center for Independent Living, represent that they are not aware of any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf and/or on behalf of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for Defendant to enter into this Stipulation.

13.    **Waiver of Attorneys' Liens.** Class Counsel do hereby release and waive any attorneys' liens they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14.    **No Other Attorneys.** Plaintiffs represent and warrant that, besides Class Counsel, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

15.    **No Prevailing Party.** Neither Plaintiffs nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action, except that Defendant agrees to pay Class Counsel's reasonable attorneys' fees as set forth in Paragraph 10.

16.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendant, DOH, or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Stipulation shall be deemed to constitute a policy,

22

practice, or custom of Defendant, DOH, or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

17. **No Precedential Value.** This Stipulation shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop Defendant, DOH, or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18. **Authority.** Each signatory to this Stipulation hereby represents and warrants that they have the requisite authority to enter into this Stipulation and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

19. **Voluntary Agreement.** Plaintiffs represent that they have carefully read and fully understand all provisions of this Stipulation, including the General Release. Plaintiffs represent that they have executed and delivered this Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. Plaintiffs acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

20. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Stipulation. The language in all parts of this Stipulation shall be in all cases construed according to its fair meaning and not strictly for or against any party.

21. **Binding Effect on Successors and Assigns.** The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

22.    **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and (except with respect to the payment of attorneys' fees and the Amended Preliminary Injunction, the latter of which shall continue to remain in full force and effect until it expires in accordance with its terms), supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties hereto or an authorized representative of the Parties hereto.

23.    **Governing Law.** The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 11 of this Stipulation.

24.    **Court Approval.** If the Court disapproves the Stipulation or any material part thereof, or if the Stipulation is modified or reversed in any material aspect by an order or decision that is final and unappealable, then this Stipulation shall be canceled and deemed null and void, and the Parties shall revert to their respective positions as of the date prior to their signing of this Stipulation.

25.    **Severability.** With the exception of Paragraphs 2 (Dismissal of the Action with Prejudice), 5 (Injunctive Relief), 6 (Data Sharing), 10 (Payments to Plaintiffs' Attorneys), 11 (General Release), 12 (No Other Action or Proceeding), 15 (No Prevailing Party), 16 (No Admission of Liability), 17 (No Precedential Value), of this Stipulation, if any other provision of this Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

26.    **Effective Date of Stipulation.** The terms and conditions of this Stipulation that were not already required under the terms of the Amended Preliminary Injunction shall be deemed effective, and the Parties' obligations, rights and responsibilities hereunder shall commence, upon an order or judgment granting final approval to this Stipulation. In the event an order or judgment approving this Stipulation is reversed or modified upon judicial review or appeal, this Stipulation shall be voidable by election of Class Counsel or Defendant, which election shall be provided to counsel for all other Parties and the Court in writing.

27.    **Headings.** The headings contained in this Stipulation are for convenience of reference only and are not a material part of this Stipulation.

28.    **Counterparts.** This Stipulation may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

29.    **Submission to the Court.** This Stipulation shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date first above written.


Dated: _____August 4_____, 2025          Patterson Belknap Webb & Tyler LLP
      New York, New York                     *Attorneys for Plaintiffs*
                                             By:
                                             _____/s/Lisa E. Cleary_____
                                             LISA E. CLEARY
                                             1133 Avenue of the Americas
                                             New York, New York 100036
                                             (212) 336-2000
                                             lecleary@pbwt.com


Dated: _____August 4_____, 2025          New York Legal Assistance Group
      New York, New York                     *Attorneys for Plaintiffs*
                                             By:
                                             _____/s/Julia Russell_____
                                             JULIA RUSSELL, Of Counsel
                                             100 Pearl Street, 19th Floor
                                             New York, New York 10004
                                             (212) 613-0000
                                             jrussell@nylag.org

Dated: <u>August 4, 2025</u>                New York State Department of Health
      Albany, New York              By: _____

                                         James V. McDonald
                                         Commissioner


Dated: <u>  August 4            </u>, 2025          LETITIA JAMES
      New York, New York            Attorney General
                                         State of New York
                                       *Attorney for Defendant*
                                       By:
                                       *Rachel Summer*
                                       Rachel Summer
                                       Assistant Attorney General
                                       28 Liberty Street
                                       New York, New York 10005
                                       (212) 416-8663
                                       Rachel.Summer@ag.ny.gov


Dated: <u>          August 12 </u>, 2025          SO ORDERED:
      New York, New York

                                       /S/ Frederic Block
                                       _____
                                       Honorable Frederic J. Block
                                       United States District Judge