UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. and C.P., individually and on behalf of all persons similarly situated; BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,

                    Plaintiffs,

-against-

JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,

                    Defendant.

Case No.: 1:25-cv-01689

**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

---

FREDERIC BLOCK, United States District Judge:

      This matter comes before the Court on the unopposed motion of Liza Engesser, Marisol Getchius, Geetanjali Seepersaud by her Next Friend Savitri Seepersaud, and Maria Jaime on her own behalf and as Next Friend to Y.P.S. and C.P. ("Named Plaintiffs"), individually and on behalf of all persons similarly situated ("Class Members," and collectively, the "Class"), Brooklyn Center for Independence of the Disabled, and Regional Center for Independent Living (together with Named Plaintiffs, "Plaintiffs"), for final approval of the Corrected Stipulation of Class Action Settlement, General Release, and Order of Dismissal, dated August 4, 2025 (the "Stipulation of Settlement") and for approval of the Supplemental Stipulation of Class Action Settlement, General Release, and Order of Dismissal Regarding Attorneys' Fees, Costs,

1

Disbursements, and Expenses, dated July 25, 2025 (the "Fee Stipulation") (collectively, the "Settlement Agreement").

**WHEREAS**, the Parties have agreed to a settlement of this action, the terms of which are set forth in the Settlement Agreement;

**WHEREAS**, Defendant does not oppose the present motion;

**WHEREAS**, on August 6, 2025, the Court held a Fairness Hearing to consider whether the Settlement Agreement is fair, reasonable, and adequate to the Class;

**WHEREAS**, the Court has reviewed the objections filed by Class Members and/or other CDPAP Consumers as well as heard from any additional Class Members and/or CDPAP Consumers who appeared at the Fairness Hearing to voice objections or provide other feedback regarding the proposed Settlement Agreement;

**WHEREAS**, the Court has thoroughly reviewed the record in this Action, including the Settlement Agreement, Plaintiffs' Memorandum of Law in Support of Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement ("Plaintiffs' Preliminary Approval Memorandum"), Plaintiffs' Memorandum of Law in Further Support of Motion for Entry of Final Approval Order ("Plaintiffs' Final Approval Memorandum"), Plaintiffs' Response to Additional Objections Regarding the Proposed Final Class Action Settlement ("Plaintiffs' Response to Objections"), and declarations and exhibits submitted therewith, and finds good cause for entering the following Order:

**NOW IT IS HEREBY ORDERED AS FOLLOWS**:

1. <u>Definitions</u>.  For the purposes of this Order, the Court adopts by reference the definitions set forth in Paragraph 1 of the Stipulation of Settlement.

2. <u>Settlement Approval</u>. The Court has reviewed the terms of the proposed Settlement Agreement, the unopposed motions in support of preliminary and final approval of the Settlement Agreement, and the objections submitted by Class Members and/or other CDPAP Consumers and finds that (a) the Settlement Agreement appears to be the result of serious, informed, non-collusive, arm's-length negotiations; (b) that the terms of the Settlement Agreement do not improperly grant preferential treatment to any Named Plaintiff or segment of the Class; and (c) the settlement terms as set forth in the Settlement Agreement provide sufficiently fair, reasonable, and adequate relief to the Class.  Therefore, for the reasons set forth in Plaintiffs' Preliminary Approval Memorandum, Plaintiffs' Final Approval Memorandum, and Plaintiffs' Response to Objections, the Court approves the Settlement Agreement, subject to Paragraph 8 of this Order, as providing fair, reasonable, and adequate relief to the Class.

3. <u>Released Claims</u>.  Pursuant to Paragraph 11 of the Stipulation of Settlement, the Releasing Parties, as that term is defined in the Settlement Agreement, agree to release and forever discharge the Released Parties, as that term is defined in the Settlement Agreement, from all manner of claims concerning the conduct alleged in this action in violation of the Medicaid Act, 42 U.S.C. § 1396 and its implementing regulations, and the United States Constitution. Pursuant to Paragraph 6 of the Fee Stipulation, the Releasing Parties, as that term is defined in the Fee Stipulation, agree to release and forever discharge the Released Parties, as that term is defined in the Fee Stipulation, from all claims, causes of action, rights, or administrative charges for attorneys' fees, costs, disbursements or other expenses in this Action.

4.  <u>Attorneys' Fees</u>. Pursuant to the Settlement Agreement, Class Counsel are hereby awarded attorneys' fees and costs in the amount of $1,052,644 (one million fifty two thousand, six hundred and forty-four dollars) pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. ¶ 1988(b).

5.  <u>Dismissal with Prejudice</u>. Subject to this Order becoming final pursuant to Paragraph 8 of this Order, this Action shall be dismissed with prejudice pursuant to the terms of the Settlement Agreement.

6.  <u>Retention of Jurisdiction</u>.  Pursuant to Paragraphs 8 and 9 of the Stipulation of Settlement, the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement until the end of the Continuing Jurisdiction Period as defined in the Settlement Agreement.

7.  <u>Notice Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notice")</u>. The Court finds that, pursuant to 28 U.S.C. § 1715(b), the United States Attorney General and the Office of the New York State Attorney General had notice of the Settlement Agreement on July 5, 2025 when it was filed on the docket. The Court further finds that on August 1, 2025, Defendant served CAFA Notices on the United States Attorney General and the Office of the New York State Attorney General, the only state in which Class Members reside. Thus, the Court finds that the requirements of 28 U.S.C. § 1715 are satisfied.

8.  <u>Provisional Approval Pending Notice Period</u>. The Court provisionally approves the Settlement Agreement, subject to the 90-day notice period set forth in 28 U.S.C. § 1715(d). This Order approving the Settlement Agreement will become final on October 3, 2025.

4

**SO ORDERED:**

UNITED STATES DISTRICT JUDGE

/S/ Frederic Block

August 12, 2025