![Benesch logo]

Edward C. Wipper
1155 Avenue of the Americas,
26th Floor
New York, New York 10036
Direct Dial: 646.593.7051
Fax: 646.798.8902
ewipper@beneschlaw.com

August 13, 2025

*ENGESSER SETTLEMENT*

**VIA ECF AND EMAIL**
Judge Frederic Block
Clerk of the Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

CDPAP Team
New York Legal Assistance Group
100 Pearl Street, Floor 19
New York, NY 10004
cdpaplawsuit@nylag.org

> Re:  *Engesser et. al. v. McDonald*, 25-cv-1689: CDPAP Consumer and Class Member Alice Cucuta Renewed Objection to Proposed Settlement

Dear Judge Block:

As Your Honor knows, this firm represents Alice Cucuta, CDPAP consumer and Class Member (as that term is defined in the Settlement Agreement, Dkt. 122-1).  We write pursuant to this Court's order that counsel for the objecting class members "submit additional papers in 1 week as to the court's concerns addressed at the Zoom hearing to object to the proposed settlement of this class action." Dkt. 139.  We also respectfully acknowledge that on August 12, 2025, this Court entered a decision and order provisionally approving the proposed class settlement agreement.  Dkts. 140-43.  Nonetheless, Court's concurrently acknowledged that if it receives comments by August 13, 2025 that may "affect its reasoning, it will amend the decision if necessary." Dkt. 140 at 23 n.6.

Therefore, in addition to the objections raised by the others who have objected to this settlement and their proposed amendments to this Court's order, including the renewed objections submitted by counsel for class members Ardijana Redzovic and Patricia Rodríguez (Dkt. 144), we respectfully submit the below renewed objections requesting that, to the extent that the Court is unwilling to vacate its recent order provisionally approving the settlement for the reasons both our client and the other objections to the settlement have raised, that the Court also amend said order to 1) Stay the conclusion of any class settlement until 60 days after the New York State Senate and United States Department of Justice investigations into the CDPAP transition have both concluded; and 2) Require that all class members be notified, both in writing and in person, that this settlement may affect their rights to pursue claims arising out of the results of said investigations.

*ENGESSER SETTLEMENT*
Judge Frederic Block
August 13, 2025
Page 2

*First*, the pending DOJ and NY Senate investigations are poised to shake loose facts central to the notice and fair hearing claims the class is set to waive. Each investigation concerns DOH's corruption in gifting PPL a monopoly over FI services, and their rush to do so in contravention of the notice rights of the CDPAP class members here.

For example, the DOJ made clear in their statement of interest in this action that they are investigating, in part, whether "the State of New York has made material misrepresentations to patients, their personal assistants ("PAs"), and the public regarding an ongoing transition of federal health care benefit programs" Dkt. 61 at 1-2.

DOJ further explained its investigation into the adequacy of the notices given by the DOH to the public about the transition, including to the individuals who later became class members:

> A federal statute, 18 U.S.C. § 1035, proscribes any materially false or misleading statements involving federal health care benefit programs like Medicaid. In this instance, ***the State of New York has made representations to CDPAP participants and the public about, inter alia, continuity of care through the transition, the impacts of the transition to PPL on access to care or compensation, and the role of incumbent Fiscal Intermediaries before and during the transition***. At least some of these statements appear to be in tension with the on-the-ground reality. For instance, the New York Department of Health promised CDPAP patients that "[y]our plan of care, hours of service, and your right to choose your personal assistant(s) is not affected by [the] change in providing fiscal intermediary services." New York State Department of Health, FI Discontinue Services Template FI to Consumer (Dec. 6, 2024). It further promised that "the truth" is that "[i]f you're a CDPAP user, you can keep your trusted caregiver," "[i]f you're a caregiver, it will be easier for you to get paid," and that "New Yorkers will get better care and better service at a better price." New York State Department of Health, Consumer Directed Personal Assistance Program (CDPAP) (Jan. 8, 2025). But Plaintiffs' Complaint describes tens of thousands of CDPAP patients who, Plaintiffs allege, have lost or will lose the ability to obtain care due to problems with the transition process. See Compl. ¶¶ 112-156. ***This suggests that vulnerable CDPAP patients and their caregivers may have been misled by formal and informal representations and omissions regarding the mechanisms of the CDPAP transition and the corresponding effect on their healthcare.***

*Id.* at 4-5 (emphasis added).[1]

Likewise, the NY Senate investigation and upcoming August 21, 2025 hearing is all but assured to uncover testimony regarding DOH's failure adequately notify class members of the profound difficulties the SFI transition would almost certainly entail. This investigation is presently being led by Senator Gustavo Rivera, Chair of the Committee on Health, and Senator

---

[1] The DOJ also reaffirmed its continuing interest in this action while it was "still evaluating the proposed settlement" in light of its ongoing investigation. Dkt. 132.

*ENGESSER SETTLEMENT*
Judge Frederic Block
August 13, 2025
Page 3

James Skoufis, the Chair of the Committee on Investigations & Government Operations, who stated in relevant part:

> "This hearing will examine the program's transition to operate under a single statewide fiscal intermediary, Public Partnerships LLC (PPL), and the challenges experienced by enrollees, workers, and stakeholders. This hearing will provide an opportunity for lawmakers to hear from stakeholders across New York State, including healthcare experts, consumer advocates, fiscal intermediaries, enrollees, and enrollees' personal care assistants, on the issues they are facing related to this transition. The hearing's goal is ensuring that the voices of those impacted by this transition are heard. Transparency and accountability will aid in identifying solutions and mitigating adverse outcomes for the thousands across New York State who rely on this program."[2]

More specifically, Senator Rivera has informed the public that the purpose of the hearing is to "lay out in clear terms how the transition worked, what didn't work, how it happened, and what are things we need to learn to make sure the individuals served by this program continue to be served by this program."[3]  This Court should not allow crucial testimony regarding the adequacy of the transition to go unexamined prior to settling claims concerning whether the performance of the transition matched (or did not match) DOH's representations to the class.

As a result, it is evident that one of the main pillars of both pending investigations concerns DOH's misrepresentations to class members in service of rushing through a transition without their informed input and consent—precisely the rights class members sought to vindicate through this lawsuit.  All class members deserve to benefit from the facts these investigations uncover before they or this Court evaluate the fairness of their waiver of these claims in exchange for the *de minimis* concessions DOH has offered in return.

**Second**, the Court should mandate that class members be notified that settlement would potentially result in waiver of claims arising out of facts uncovered by the investigation, and likewise allow class members to opt out of such settlement after notice.

Although notice and opt-out protections are not mandatory in Rule 23(b) class actions, the Second Circuit has made clear that "in the proper case and in exercise of its sound discretion," this Court may mandate such protections "in order to facilitate the 'fair and efficient conduct of the action.'" *See Cnty. of Suffolk v. Long Is. Lighting Co.*, 907 F.2d 1295, 1304-05 (2d Cir. 1990), *quoting* Fed. R. Civ. P. 32(d) advisory committee's note, 39 F.R.D. 69, 106 (1966).

The class members here have already suffered from a distinct lack of notice of the transition from DOH's misrepresentations and recklessness. They comprise some of the most vulnerable New Yorkers who deserve fulsome notice of any release of their claims, and time and agency to decide whether to participate in any such settlement.  This Court should not compound DOH's systematic failure to inform and protect CDPAP consumers by allowing the proponents of this settlement to run roughshod over them once more.  The primary reason that injunctive relief was

---

[2] Joint Public Hearing: Consumer Directed Personal Assistance Program (CDPAP) | NYSenate.gov
[3] Packaging reduction, biosolids, A.I: What passed and did not in the Assembly

*ENGESSER SETTLEMENT*
Judge Frederic Block
August 13, 2025
Page 4

necessary in the first place to preserve the Consumers' service was that PPL and the DOH failed to make any adequate efforts to actively reach out by telephone and in person. Instead, they relied on passive efforts that are contrary to the way that program had been successfully run prior to the installation of PPL as the monopoly provider of CDPAP fiscal intermediary services.

In order to fully inform the class of the potential magnitude of the claims they would be waiving, any settlement should require that all of its members be provided notice explaining the legal implications and ramifications of opting either in or out of the settlement with these ongoing investigations. In addition, given the particularly vulnerable nature of this class, there should be an additional requirement that in-person outreach to members of the class be conducted to ensure that each and every class member has an opportunity to ask questions and clear up any confusion regarding their decision to consent or opt-in to the settlement.

For these reasons, in addition to any relief requested by the others who objected to the Settlement including by Class Members Redzovic and Rodríguez, all of which are incorporated herein by reference, Ms. Cucuta respectfully requests that the Court amend the settlement decision to stay its effectuation until after the DOJ and NY State Senate investigations are concluded, and mandate that both written and in-person notice be provided to class members that they may be waiving their rights to pursue claims related to facts uncovered in these investigations.

We thank the Court for its consideration and attention to this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Edward C. Wipper*

Edward C. Wipper